NUMBER 13-02-125-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI







REYNALDO SARMIENTO
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 105th District Court


of Nueces County, Texas.






O P I N I O N



Before Chief Justice Valdez and Justices Yañez and Castillo


Opinion by Justice Castillo



 This is an appeal of the revocation of appellant Reynaldo Sarmiento's 
community supervision. Sarmiento pled guilty, pursuant to a plea bargain, to the
second degree offense of indecency with a child (1) and was placed on five years
deferred adjudication in January of 1999. A motion to revoke probation and adjudicate
guilt was later filed and in August of 2000, the motion was heard and appellant was
sanctioned and continued on deferred adjudication. (2) A subsequent motion to revoke
probation and adjudicate guilt was filed, and in February 2001, appellant was again
sanctioned and continued on deferred adjudication. (3) A third motion to revoke
probation and adjudicate guilt was later filed, and at the hearing on the motion in
December 2001, appellant pled true to all of the allegations therein. The court found
the allegations to be true, revoked appellant's deferred adjudication community
supervision, adjudicated his guilt, and sentenced him to twenty years incarceration in
the penitentiary. Appellant filed a pro se notice of appeal, requesting an appeal "on
[his] sentencing only." We dismiss this appeal for want of jurisdiction.

Anders Brief

 Appellant's court-appointed counsel has filed a brief stating that she has
thoroughly reviewed the clerk's record and the court reporter's record in this case and
found that this appeal is wholly frivolous. Anders v. California, 386 U.S. 738, 744
(1967). Counsel has certified that she has notified appellant of his right to file a pro
se brief and advised him to do so within sixty days of the filing of her brief. More than
sixty days have passed since that time and no pro se brief has been filed. Counsel has
presented no arguable points of error to this Court. Counsel has given a professional
evaluation of the record, demonstrating with references to both legal precedent and
pages in the record why there are no arguable grounds to be advanced. See High v.
State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). 

Want of Jurisdiction

 It is well settled that no appeal may be taken of a trial court's determination to
adjudicate guilt. Tex. Code Crim. Proc. Ann. art. 42.12 §5(b)(Vernon Supp. 2002);
Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). A defendant does have
a limited right to challenge errors made following a determination to adjudicate. See
Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992).

 However, appellant presents no errors, nor does he raise any grounds for which
this Court would have jurisdiction. (4) In reviewing the record carefully as mandated by
Penson v. Ohio, 488 U.S. 75, 82-83 (1988), we agree with appellant's counsel that
the appeal is wholly frivolous and without merit. 

Conclusion

 We dismiss the appeal for want of jurisdiction. 

 ERRLINDA CASTILLO

 Justice

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 25th day of July, 2002.
1. Tex. Pen. Code Ann. §21.11(a)(1)(Vernon Supp. 2002).
2. Appellant was sanctioned with an extension of his term of deferred adjudication by one year
and by being placed on intensive supervision for 180 days
.
3. Appellant was given 90 days in jail and sent to an intensive out patient drug counseling
program along with being placed in an "intensive or maximum" probation program.
4. Appellant also filed a general notice of appeal which did not comply with the requirements of
Tex. R. App. P. 25.2(b)(3). Appellant's failure to comply with these requirements presents an additional
jurisdictional bar to our consideration of any issues challenging his conviction. Woods v. State, 68
S.W.3d 667, 669-70 (Tex. Crim. App. 2002)(citing Vidaurri v. State, 49 S.W.3d 880, 884-85 (Tex.
Crim. App. 2001)).