Lawanda Lashae WOODS, Appellant,

v.

The STATE of Texas.

No. 1889–00.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 20, 2002.

Julie Hale, Victoria, for appellant.

Jim Vollers, Austin, Robert E. Bell, DA, Edna, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

PRICE, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, J.J., joined.

We granted review in this case to determine the proper time to appeal an order certifying a juvenile as an adult when the defendant has been placed on deferred adjudication probation. This, however, is a plea bargain case, and Rule of Appellate Procedure 25.2(b)(3) must be followed.[1] Because the appellant did not comply with Rule 25.2(b)(3), the Court of Appeals should not have reviewed the merits of the appellant's adult certification issue. We will reverse the Court of Appeals.

## FACTS

In 1998, the appellant was arrested for aggravated robbery and was a juvenile at the time of the offense. The appellant was later certified to stand trial as an adult and transferred to a criminal court. In the criminal court, the appellant pled guilty pursuant to a plea bargain. The criminal court followed the plea agreement and placed the appellant on deferred adjudication probation for a period of ten years. As part of the plea bargain, the appellant waived her right to appeal. After less than one year, however, the criminal court found that the appellant had violated the terms of her deferred adjudication probation. The criminal court then adjudicated the appellant guilty of aggravated robbery and sentenced her to fifty years confinement.

On appeal, the appellant requested a new trial because the record from the certification hearing was inaudible and, therefore, unavailable. *Woods v. State*, No. 13–99–372–CR, slip op. at 2 (Tex.App.-Corpus Christi 2000) (not designated for publication). The Court of Appeals held that it could review the adult certification order through Code of Criminal Procedure article 44.47(b),[2] agreed with the appellant's assessment of the record as inaudible, and granted the appellant's request for a new trial. *Id.* at 2–3 (citing TEX.R.APP. P. 34.6(f)). We granted review to determine whether the Court of Appeals properly considered an issue involving an adult certification order after deferred adjudication probation had been revoked.[3] We will reverse on a different basis.

## DISCUSSION

The legislature has provided the specific framework for appeals concerning adult

---

1. All references to "rule" refer to the Texas Rules of Appellate Procedure and all references to "article" refer to the Texas Code of Criminal Procedure unless otherwise noted.

2. The State did not raise the Rule 25.2(b)(3) requirements below, and the Court of Appeals did not address the issue.

3. The actual grounds for review are: 1) Did the Court of Appeals err in holding that the appropriate time for appeal of an order certifying a juvenile to stand trial as an adult was after appellant's deferred adjudication probation was revoked? 2) Is the record in a certification hearing necessary for the resolution of an appeal from the revocation of deferred adjudication probation which is revoked eleven months after appellant is placed on probation?

certification orders. Tex.Code Crim. Proc. art. 44.47. A defendant may appeal the order of a juvenile court certifying the defendant to stand trial as an adult and transferring her to a criminal court "only in conjunction with the appeal of a conviction of the offense for which the defendant was transferred to criminal court." [4] Tex.Code Crim. Proc. art. 44.47(b).

■ To invoke an appellate court's jurisdiction over an appeal, however, the appellant must give timely and proper notice of appeal. *White v. State*, 61 S.W.3d 424, 428 (Tex.Crim.App.2001). If an appellate court's jurisdiction is not properly invoked, that court's power to act is "as absent as if it did not exist." *Id.* Accordingly, dismissal of an issue, or the entire matter, is appropriate if the form of the notice of appeal is improper. *Id.*

■ A defendant who pleads guilty or *nolo contendere* pursuant to a plea bargain and is sentenced in accordance with that plea bargain must comply with the notice provisions of Rule 25.2(b)(3) to perfect her appeal. Tex.R.App. P. 25.2(b)(3); *Cooper v. State*, 45 S.W.3d 77, 78–79 (Tex.Crim.App. 2001). Rule 25.2(b)(3) requires such a defendant in her notice of appeal to: 1) specify that the appeal is for a jurisdictional defect; 2) specify that the substance of the appeal was raised by written motion and ruled on before trial; or 3) state that the trial court granted permission to appeal. Tex.R.App. P. 25.2(b)(3). The failure

of an appellant to follow Rule 25.2(b)(3) deprives an appellate court of jurisdiction over the appeal. *See White*, 61 S.W.3d at 428–29 (holding that the failure to follow Rule 25.2(b)(3)(A) was jurisdictional).

■ Furthermore, Rule 25.2(b)(3)'s notice provisions apply to defendants who are placed on deferred adjudication probation. *Vidaurri v. State*, 49 S.W.3d 880, 884–85 (Tex.Crim.App.2001); *Kirk v. State*, 942 S.W.2d 624, 625 (Tex.Crim.App. 1997); *Watson v. State*, 924 S.W.2d 711, 713–14 (Tex.Crim.App.1996); [5] *Dillehey v. State*, 815 S.W.2d 623, 626 (Tex.Crim.App. 1991).[6] For Rule 25.2(b)(3) purposes, "when a prosecutor recommends deferred adjudication in exchange for a defendant's plea of guilty or nolo contendere, the trial judge does not exceed that recommendation if, upon proceeding to an adjudication of guilt, he later assesses any punishment within the range allowed by law." *Vidaurri*, 49 S.W.3d at 885 (quoting *Watson*, 924 S.W.2d at 714). Thus, Rule 25.2(b)(3) controls an appeal, made either before or after an adjudication of guilt, by a defendant placed on deferred adjudication who challenges an issue relating to his conviction. Tex.R.App. P. 25.2(b)(3); Tex.Code Crim. Proc. art. 42.12 § 5(b); Tex.Code Crim. Proc. art. 44.01(j); *Vidaurri*, 49 S.W.3d at 884–85; *Kirk*, 942 S.W.2d at 625; *Watson*, 924 S.W.2d at 713–15.

In this case, the appellant pled guilty to the first degree felony of aggravated rob-

---

4. Article 44.47(b) reads in full: "A defendant may appeal a transfer under Subsection (a) only in conjunction with the appeal of a conviction of the offense for which the defendant was transferred to criminal court."

5. *Watson* was limited by *Vidaurri v. State*, 49 S.W.3d 880, 884–85 (Tex.Crim.App.2001) and *Feagin v. State*, 967 S.W.2d 417, 419 (Tex. Crim.App.1998).

6. Even though *Kirk, Watson,* and *Dillehey* all involved the predecessors to Rule 25.2(b)(3),

we may look to these decisions for guidance in interpreting Rule 25.2(b)(3). *See Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App.1994) (noting that Rule 40(b)(1) was passed with the understanding that "the body of case law construing the proviso [to article 44.02] would prevail and still control."); *cf. Vidaurri*, 49 S.W.3d at 883–85 (discussing and relying on cases dealing with old Rule 40(b)(1) to construe the effects of Rule 25.2(b)(3)).

bery. The trial court followed the prosecutor's recommendation and placed the appellant on deferred adjudication for ten years. The trial court later adjudicated the appellant guilty and sentenced her to fifty-years' confinement. Since the fifty-year sentence falls within the punishment range for aggravated robbery, the trial court followed the plea bargain, and the appellant was required to comply with Rule 25.2(b)(3) in order to appeal her conviction.[7] *Vidaurri,* 49 S.W.3d at 885; *Watson,* 924 S.W.2d at 714.

The appellant, however, filed a general notice of appeal. The notice does not specify that the appeal is for a jurisdictional defect, that it concerns a ruling on a pre-trial motion, or that the appellant received the trial court's permission.

█ In order to appeal the adult certification order, the appellant had to raise the issue "in conjunction with the appeal of a conviction for which the defendant was transferred." TEX. CODE CRIM. PROC. art. 44.47(b). To appeal her conviction for aggravated robbery, the appellant was required to comply with Rule 25.2(b)(3). *Vidaurri,* 49 S.W.3d at 884–85; *Watson,* 924 S.W.2d at 714. Because the appellant's general notice of appeal does not comply with Rule 25.2(b)(3), she cannot appeal her conviction for aggravated robbery. *Watson,* 924 S.W.2d at 714–15. It follows, therefore, that the appellant also cannot appeal her adult certification order in conjunction with that conviction. *See* TEX. CODE CRIM. PROC. art. 44.47(b), (c) ("An appeal under this section is a criminal matter and is governed by this code and the Texas Rules of Appellate Procedure that apply to a criminal case."); *Vidaurri,* 49 S.W.3d at 885; *Watson,* 924 S.W.2d at

714. Accordingly, the Court of Appeals had no jurisdiction to review the issue concerning the adult certification order.

### CONCLUSION

The Court of Appeals addressed the merits of the appellant's appeal. Because the appellant failed to follow Rule 25.2(b)(3), the Court of Appeals was without jurisdiction to address the merits of her claims. The judgment of the Court of Appeals is reversed, and this case is remanded to that court for further proceedings consistent with this opinion.

WOMACK, J., filed a concurring opinion.

WOMACK, J., filed a concurring opinion.

I agree that the court of appeals should have dismissed this appeal, but for reasons different from those this court gives today.

The appellant pleaded guilty and was placed on deferred-adjudication probation, which did not exceed the plea-bargain recommendation of punishment. If she wanted to appeal the validity of her transfer from juvenile court to criminal court, she should have raised the question before she entered her plea, so that she could have appealed at that time. Because she did not, it is too late to raise the question by appeal. (I do not imply any view about her raising this issue by habeas corpus.)

Today the Court says that the requirement of Rule of Appellate Procedure 25.2(b)(3) still applies to the appellant in an appeal from the revocation of her probation, adjudication of guilt, and sentence to fifty years in prison because "this is a plea bargain case."[1] Her being placed on pro-

---

7. The punishment range for aggravated robbery, a first degree felony, is life imprisonment or imprisonment for any term not more than ninety-nine years or less than five years, plus a fine of up to $10,000. TEX. PENAL CODE § 12.32.

1. *See ante* at ——.

bation was plea-bargained; the revocation and fifty-year sentence was not. I have elsewhere expressed my view that Rule 25.2(b)(3) should not apply to such an appeal.[2] I am still of that view.

I therefore, respectfully, join the judgment of the Court but not its opinion.

---

2. *See Vidaurri v. State,* 49 S.W.3d 880, 887 (Tex.Cr.App.2001) (concurring opinion).