Larry Lynn Duhon v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-190-CR
No. 10-02-191-CR

     LARRY LYNN DUHON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 252nd District Court
Jefferson County, Texas
Trial Court Nos. 84488 and 84820
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Larry Lynn Duhon pleaded guilty to unauthorized use of a motor vehicle in trial court cause
no. 84488 (appellate cause no. 10-02-190-CR). Pursuant to a plea agreement, the court deferred
an adjudication of guilt and placed Duhon on unadjudicated community supervision for five years.
      Duhon pleaded guilty to possession of cocaine in the amount of one gram or more but less
than four grams in trial court cause no. 84820 (appellate cause no. 10-02-191-CR). The parties
struck the same plea bargain in this case, and the trial court placed Duhon on unadjudicated
community supervision for a period of five years.
      Six months later, the court adjudicated Duhon’s guilt in both cases. The court sentenced him
to two years’ incarceration in a state jail for the unauthorized use charge and three years’
imprisonment for the cocaine charge. Duhon filed a general notice of appeal in both cases.
      To properly invoke the jurisdiction of this Court over an appeal from a negotiated guilty plea,
an appellant must file a notice of appeal which complies with Rule of Appellate Procedure
25.2(b)(3). See White v. State, 61 S.W.3d 424, 429 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(b)(3). This rule applies with equal force to “an appeal, made either before or after an
adjudication of guilt, by a defendant placed on deferred adjudication who challenges an issue
relating to his conviction.” Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002).
      Duhon’s general notices of appeal do not comply with Rule 25.2(b)(3). Accordingly, we
dismiss his appeals for want of jurisdiction.
 
                                                                         PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed July 31, 2002
Do not publish
[CR25]