Dismissed and Opinion filed October 17, 2002









Dismissed and Opinion filed October 17, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01245-CR

 

____________

 

GORDON EDWARD GIPSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
179th District Court

Harris County,
Texas

Trial Court Cause
No. 876,543

 



 

M E M O R
A N D U M   O P I N I O N

On
October 10, 2001, appellant pled guilty to burglary of a building with intent
to commit theft.  In accordance with the
terms of a plea bargain agreement with the State, the trial court sentenced
appellant to two years= confinement in the Texas Department of Criminal
Justice--Institutional Division.  Because
we have no jurisdiction over this appeal, we dismiss.  








To
invoke an appellate court=s jurisdiction over an appeal, an appellant must give timely
and proper notice of appeal.  White v.
State, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001).  Appellant filed a timely general notice of
appeal that did not comply with the requirements of Rule 25.2(b)(3) of the
Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3) provides that when an appeal
is from a judgment rendered on a defendant=s plea of guilty or nolo contendere
and the punishment assessed does not exceed the punishment recommended by the
State and agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  The time for filing a proper notice of appeal
has expired; thus appellant may not file an amended notice of appeal to correct
jurisdictional defects.  State v.
Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000).  Because appellant=s notice of appeal did not comply
with the requirements of Rule 25.2(b)(3), we are without jurisdiction to
consider any of appellant=s issues, including the voluntariness of the plea.  See Cooper v. State, 45 S.W.2d 77, 83
(Tex. Crim. App. 2001) (holding that appellant who files general notice of
appeal may not appeal voluntariness of negotiated plea).  

On
September 26, 2002, this Court notified appellant that we would consider
dismissal of the appeal for want of jurisdiction unless a response was filed
showing meritorious grounds for continuing the appeal.  On October 7, 2002, appellant filed a
response to this Court=s notice.  In the
response, appellant argues we have jurisdiction despite the general notice of
appeal.  Specifically, appellant contends
that because the trial court imposed a sentence not authorized by law, any plea
bargain was Aillegal, unenforceable, and void.@ 
Thus, appellant reasons that any limitation on the right of appeal is
similarly invalid.  We disagree.  








While we
agree that a defect that renders a sentence void may be raised at any time, see
Ex parte Beck, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996), this presupposes
that the reviewing court is endowed with the jurisdiction to do so.  Rule 25.2(b)(3) requires an appellant to file
a specific notice of appeal when the appeal is from a judgment rendered on a plea
of guilty and the punishment assessed does not exceed the punishment
recommended by the prosecutor.  Tex. R. App. P. 25.2(b)(3).  This specific filing is required to invoke
the appellate court=s jurisdiction.  Woods
v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002); Betz v. State,
36 S.W.3d 227, 228 (Tex. App.CHouston [14th Dist.] 2001, no pet.).  Thus, the failure of an appellant to follow
the requirements of rule 25.2(b)(3) deprives the appellate court of
jurisdiction over the appeal.  Woods,
68 S.W.3d at 669; see White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim.
App. 2001) (holding that failure to follow rule 25.2(b)(3) was
jurisdictional).  

In this
case, by failing to file a notice of appeal in compliance with rule 25.2(b)(3),
appellant has failed to invoke our jurisdiction and we are unable to review any
issue he might raise on appeal, including the claim that the sentence imposed
by the trial court is illegal and void. 
Accordingly, we dismiss the appeal for want of jurisdiction.  

 

 

PER CURIAM

 

 

Judgment rendered and Opinion filed October 17, 2002.

Panel consists of Justices Yates, Anderson, and Frost.


Do Not Publish C Tex. R. App. P. 47.3(b).