Rodrick Lanier Tillman v. State









WITHDRAWN
12/31/02




IN THE
TENTH COURT OF APPEALS
 

No. 10-02-268-CR
No. 10-02-269-CR

Â Â Â Â Â RODRICK LANIER TILLMAN,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the Criminal District Court
Jefferson County, Texas
Trial Court Nos. 84151 and 84152
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Rodrick Lanier Tillman pleaded guilty to aggravated robbery in trial court cause no. 84151
(appellate cause no. 10-02-268-CR). Pursuant to a plea agreement, the court deferred an
adjudication of guilt and placed Tillman on unadjudicated community supervision for ten years.
Â Â Â Â Â Â Tillman pleaded guilty to possession of hydrocodone in the amount of four hundred grams or
more in trial court cause no. 83786 (appellate cause no. 10-02-269-CR). The parties struck the
same plea bargain in this case, and the trial court placed Tillman on unadjudicated community
supervision for ten years.
Â Â Â Â Â Â Six months later, the court adjudicated Tillmanâs guilt and sentenced him to twenty yearsâ
imprisonment in both cases. Tillman filed a general notice of appeal in both cases.
Â Â Â Â Â Â To properly invoke the jurisdiction of this Court over an appeal from a negotiated guilty plea,
an appellant must file a notice of appeal which complies with Rule of Appellate Procedure
25.2(b)(3). White v. State, 61 S.W.3d 424, 429 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(b)(3). This rule applies with equal force to âan appeal, made either before or after an
adjudication of guilt, by a defendant placed on deferred adjudication who challenges an issue
relating to his conviction.â Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002). 
Â Â Â Â Â Â Tillmanâs general notices of appeal do not comply with Rule 25.2(b)(3). Accordingly, we
dismiss his appeals for want of jurisdiction.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed October 30, 2002
Do not publish
[CR25]



ber 28, 2005 by a per curiam order which also denied Kellys
motion for rehearing and granted GainesÂs motion for rehearing in part;

Â 

(4) Chief
Justice GrayÂs concurring and dissenting opinion issued on September 28, 2005
expressly withdrew his concurring and dissenting opinion of July 13, 2005;

Â 

(5) on October
7, Kelly filed a ÂMotion to Correct Order and JudgmentÂ contending that (a) the
September 28, 2005 per curiam order incorrectly states that GainesÂs motion for
rehearing was granted in part and (b) the September 28, 2005 judgment does not
match the revised September 28 majority opinion; and 

Â 

(6) on October
13, 2005 Kelly filed a motion for rehearing asserting (a) the same grounds
raised in his October 7, 2005 motion and (b) an additional ground challenging
the decision on his motion to compel Gaines and Southwest Guaranty to answer
discovery regarding the contemplated source(s) for the funding of the loan to
Kelly which never materialized.

Â 

By
an unpublished per curiam order the majority, on this date, has: (1) granted
KellyÂs October 7, 2005 motion to correct the order and judgment, (2) modified
the judgment to indicate that both motions for rehearing filed in July are
granted in part, and (3) denies KellyÂs October 13, 2005 motion for rehearing.Â 
To accomplish this, the following are being issued: 

(1) an order
which: 

Â 

(a)
withdraws the September 28, 2005 order and judgment; 

Â 

(b) substitutes
a new judgment for the September 28, 2005 judgment;

Â 

(c) substitutes
the September 28, 2005 opinion for the July 13, 2005 opinion; 

Â 

(d) grants in
part KellyÂs and GainesÂs July motions for rehearing; 

Â 

(e) grants
KellyÂs October 7, 2005 motion to correct the order and judgment; and

Â 

(f) denies
KellyÂs October 13, 2005 motion for rehearing.[1]

Â 

(2) a new judgment.[2]

Â 

With these comments regarding the
history of this appeal, I now proceed to the substance of my dissenting
opinion.

THE DISSENTING OPINION

Â 

Â Â Â Â Â Â Â Â Â  Sometimes all that is necessary to
prove a privilege is the document itself.Â  ÂWhenÂ the claim for protection is
based on a specific privilege, such as attorney-client or attorney work
product, the documents themselves may constitute the only evidence
substantiating the claim of privilege.Â Â Weisel Enterprises, Inc. v. Curry,
718 S.W.2d 56, 58 (Tex. 1986).Â  But when this situation presents itself, it
requires some careful analysis, analysis that is lacking in the majority
opinion.Â  

In this case, in addition to the documents being
provided in camera, Kelly provided a privilege log to assist the trial
court in the evaluation of the privileges asserted by Kelly.Â  With regard to KellyÂs
privilege log, I note that it also fails to identify the other recipients of
items 2, 3, and 4.[3]Â 
Because other persons received the documents, and there is no affidavit or
other evidence of who these persons are, I agree that Kelly has failed to
establish the privileges asserted to these three items.Â  See E.I. Dupont De
Nemours and Company, 136 S.W. 3d 218, 225-226 (Tex. 2004).Â  I also note
that the information in the log on items 2 and 3 is not entirely accurate.

Â Â Â Â Â Â Â Â Â  Item 1 in the privilege log is clearly
work product.Â  Kelly sought to protect it on this basis.Â  It should be
protected.Â  Thus, on this issue, I must dissent to the majority ordering these
privileged documents turned over to the opposing party as part of this CourtÂs
judgment.Â  At the very least the trial court should be given the opportunity on
remand to review the privileges asserted with the guidance provided by this CourtÂs
opinions.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Concurring
and Dissenting Opinion delivered and filed November 16, 2005









[1]
This gets a little confusing since, as indicated above, the relief in this
motion for rehearing that is being denied is, in part, the same relief that is
being granted via the ruling on the October 7, 2005 motion.

Â 





[2]
The new judgment was modified to address a complaint I had about rendering a
severance as part of the judgment.Â  A severance that was not requested by
anyone other than Justice Vance. Â The fact, or propriety, of a severance was
not addressed in any opinion.

Â 





[3]
It is difficult to discern or correlate
the documents produced in camera to the privilege log.Â  The log has four
items listed.Â  The documents produced in camera are divided by five
numbered tabs.Â  The first three items behind tab 1 correspond to the first
three items on the log.Â  Everything after that, including what is behind each
of the four remaining tabs, may have been part of a file as described in item 4
in the log.Â  I simply cannot tell.Â  There are many people who appear to have
received the documents whose identities are not established.Â  There are many
discrete documents of different and diverse character.Â  The privilege log
should have listed each document and the privilege asserted to it.Â  For a
discussion of the procedure to establish a privilege at the trial court and
what is necessary for review of a ruling on a privilege, see the excellent
discussion by Justice Vance in In Re Monsanto, 998 S.W.2d 917 (Tex.
App.ÂWaco 1999, orig. proceeding).Â