Joshua Lee Daniels v. State









WITHDRAWN
12/31/02




IN THE
TENTH COURT OF APPEALS
 

No. 10-02-128-CR

     JOSHUA LEE DANIELS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 01-018-CR
                                                                                                                

MEMORANDUM OPINION
                                                                                                                
 
      Pursuant to a plea agreement, the court placed Joshua Lee Daniels on deferred adjudication
community supervision for the offense of indecency with a child. On April 1, 2002, the court
adjudicated Daniels’s guilt and sentenced him to fifteen years’ imprisonment. Daniels filed a
general notice of appeal.
      To properly invoke the jurisdiction of this Court over an appeal from a negotiated guilty plea,
an appellant must file a notice of appeal which complies with Rule of Appellate Procedure
25.2(b)(3). White v. State, 61 S.W.3d 424, 429 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(b)(3). This rule applies with equal force to “an appeal, made either before or after an
adjudication of guilt, by a defendant placed on deferred adjudication who challenges an issue
relating to his conviction.” Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002).
      Daniels’s general notice of appeal does not comply with Rule 25.2(b)(3). Accordingly, we
dismiss his appeal for want of jurisdiction.
                                                                         PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed October 30, 2002
Do not publish
[CR25]



sdiction.
      Because the majority publishes a meaningless “order” rather than dismissing this appeal for
want of jurisdiction, I respectfully dissent.

                                                                   TOM GRAY
                                                                   Justice

Dissenting opinion delivered and filed December 11, 2002
Publish