11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Cody Dewayne Allen 

Appellant 

Vs.                   No. 11-01-00256-CR B Appeal from Brown County

State of Texas 

Appellee

 

Appellant
attempts to appeal the order certifying him as an adult.  Because we find that appellant did not
establish jurisdiction in this court by complying with TEX.R.APP.P. 25.2(b)(3),
we dismiss for want of jurisdiction. 

After the
juvenile court transferred appellant to the Brown County District Court, a
grand jury indicted him for the offense of burglary of a habitation.  Appellant later entered a plea of guilty
and, pursuant to a plea bargain agreement, received deferred adjudication for a
period of ten years.  The State subsequently
filed a motion to proceed with adjudication alleging that appellant had
violated the terms and conditions of his deferred adjudication.  Appellant pleaded not true to these
allegations.  After the hearing on the
motion, the trial court adjudicated appellant=s guilt and sentenced him to 15 years confinement in the Institutional
Division of the Texas Department of Criminal Justice.  Appellant filed a Ageneral@ notice of appeal on July 30, 2001.  Appellant filed an amended notice of appeal
on March 13, 2002, asserting that the appeal was for a jurisdictional
defect.  The State filed a motion to
strike the amended notice of appeal.[1]








To invoke
this court=s jurisdiction, an appellant must file a
timely and proper notice of appeal. 
White v. State, 61 S.W.3d 424 (Tex.Cr.App.2001).   If jurisdiction of an appellate court is
not invoked, the court does not have the power to act.  White v. State, supra.   A negotiated guilty plea in exchange for
deferred adjudication triggers the application of Rule 25.2(b)(3).  Vidaurri v. State, 49 S.W.3d 880
(Tex.Cr.App.2001); Watson v. State, 924 S.W.2d 711, 715 (Tex.Cr.App.1996).  Rule 25.2(b)(3) requires that an appellant,
when appealing from a guilty plea where the punishment assessed did not exceed
the punishment recommended, state in the notice of appeal that the appeal is
for a jurisdictional defect, that the appeal concerns a ruling on a pretrial
motion, or that the trial court granted permission to appeal.  Rule 25.2(b)(3) does not apply when the
appeal concerns an issue separate from the defendant=s conviction.  Vidaurri v. State, supra at 886. 
Here, however, appellant=s points of error, challenging the jurisdiction of the trial court,
relate to his conviction.  Woods v.
State, 68 S.W.3d 667, 669 (Tex.Cr.App.2002).

Generally,
TEX.R.APP.P. 25.2(d) provides that an appellant may amend a notice of appeal
before the appellant=s
brief is filed.  However, in matters of
jurisdiction, if the time for filing a proper notice of appeal has expired, a
court of appeals cannot obtain jurisdiction retroactively through an amended
notice of appeal.  State v. Riewe, 13
S.W.3d 408, 413 (Tex.Cr.App.2000).  A[O]nce jurisdiction is lost, the court of
appeals lacks the power to invoke any rule to thereafter obtain jurisdiction.@ 
State v. Riewe, supra at 413. 
Appellant did not file his amended notice of appeal within the time
constraints of TEX.R.APP.P. 26.2.

            Appellant=s original Ageneral@ notice of appeal did not confer jurisdiction
on this court; and his subsequent amended notice of appeal, even if we were to
allow it to stand, does not retroactively confer jurisdiction. 

The appeal
is dismissed for want of jurisdiction.

 

JIM
R. WRIGHT

JUSTICE

 

November 14, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J. 











     [1]Because we have dismissed this appeal, we have
separately held that the State=s motion to
strike is moot.