NUMBER
13-99-372-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                        CORPUS CHRISTI-EDINBURG

 

 

LAWANDA
LASHAE WOODS                                               Appellant,          

                                                   v.

THE STATE OF
TEXAS                                                       Appellee.

 

             
          

On appeal from the 24th District Court

                           of Jackson County, Texas                    

OPINION 

      Before Chief Justice Valdez and Justices
Hinojosa and Rodriguez

Opinion by Chief Justice Valdez








          Appellant, Lawanda Lashae Wood, was
arrested for aggravated robbery.  She was
certified to stand trial as an adult and the matter was transferred to criminal
court.  Appellant pleaded guilty pursuant
to a plea bargain and was sentenced, pursuant to the plea bargain, to deferred
adjudication probation for a period of ten years.  Shortly thereafter, the criminal court found
that appellant had violated the terms of her probation and sentenced her to
fifty years of confinement.  

On appeal to this Court, appellant requested a new trial
because the record from her certification hearing was inaudible and, therefore,
unavailable.  Following rule 34.6(f), we
held that, Awithout any
fault of the appellant, a substantial portion of the electronic recording from
the certification hearing in this case is inaudible, and that the inaudible
portion is necessary to resolution of the appeal.@  Woods
v. State, No. 13-99-372-CR, 2000 Tex. App. LEXIS 3587, *2 (Corpus Christi
May 25, 2000) (not designated for publication); see Tex. R. App. P. 34.6(f) (allowing a new
trial where a Asignificant
portion@ of the
recording has been lost or destroyed or is inaudible).  

The Texas Court of Criminal Appeals granted review of this
decision on a substantive issue, but ultimately determined that appellant
failed to comply with rule 25.2(b)(3) of the appellate rules, and thus
concluded that this Court lacked jurisdiction over the merits of appellant=s adult
certification issue.  Woods v. State,
68 S.W.3d 667, 668-70 (Tex. Crim. App. 2002); see Tex. R. App. P. 25.2(b)(3) (concerning extra-notice requirements for certain
notices of appeal).  Thus, the court of
criminal appeals reversed this Court=s judgment and
remanded this case for further proceedings consistent with its opinion.  See Woods, 68 S.W.3d
at 670.








To invoke an appellate court=s jurisdiction over an appeal, an
appellant must give timely and proper notice of appeal.  White v. State, 61
S.W.3d 424, 428 (Tex. Crim. App. 2001). 
Rule 25.2(b)(3) provides that when an appeal is from a judgment rendered
on a defendant=s plea of
guilty or nolo contendere and the punishment assessed does not exceed the
punishment recommended by the State and agreed to by the defendant, the notice
of appeal must: (1) specify that the appeal is for a jurisdictional defect; (2)
specify that the substance of the appeal was raised by written motion and ruled
on before trial; or (3) state that the trial court granted permission to
appeal.  Tex. R. App. P. 25.2(b)(3).  In the instant case, appellant filed only a
general notice of appeal, rather than the specific notice mandated by appellate
rule 25.2(b)(3). 
See id.  According to the
analysis of the court of criminal appeals:

In order to
appeal the adult certification order, the appellant had to raise the issue >in conjunction
with the appeal of a conviction for which the defendant was transferred.=  To appeal her conviction for aggravated
robbery, the appellant was required to comply with Rule 25.2(b)(3).  Because the
appellant=s general
notice of appeal does not comply with Rule 25.2(b)(3),
she cannot appeal her conviction for aggravated robbery.  It follows, therefore, that the appellant
also cannot appeal her adult certification order in conjunction with that
conviction.

 

Woods, 68 S.W.3d at
670; see Tex. R. App. P. 25.2(b)(3).  Therefore,
because appellant=s general
notice of appeal fails to comply with rule 25.2(b)(3),
we lack jurisdiction over the appeal.

Accordingly, this appeal is dismissed for lack of jurisdiction.


 








                                                                             

                           

ROGELIO
VALDEZ 

Chief
Justice 

 

Do not publish.

Tex. R. App. P.
47.2(b).

 

Opinion
delivered and filed

this 16th day of
January, 2003.