COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-485-CR
 
KWONG YEUNG HO                                                             
APPELLANT
 
V.
 
THE STATE OF TEXAS                                                              
STATE
 
------------
FROM THE 211
TH DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM
OPINION(1)
------------
Appellant Kwong Yeung Ho appeals from the
Dallas County district court's order transferring his case from Dallas County to
Denton County. In his sole point, he contends that the district court erred in
transferring the motion to proceed with adjudication from Dallas County to
Denton County without notice and a hearing, thus denying him due process of law
as guaranteed by the Fourteenth Amendment of the United States Constitution. We
affirm.
Background
Appellant was charged in a Dallas trial
court with burglary of a habitation, and on April 20, 2000, appellant pled
guilty to the offense. The court deferred adjudication and placed appellant on
community supervision for five years. On September 11, 2002, the State filed a
motion to proceed with an adjudication of guilt, alleging that appellant had
violated his community supervision by committing an aggravated assault in Denton
County. On October 16, 2002, the Dallas County district court transferred
jurisdiction of the case to a Denton County district court in accordance with
article 42.12, section 10 of the Texas Code of Criminal Procedure. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 10 (Vernon Supp. 2003). The Denton
court held a hearing on the State's motion, revoked appellant's community
supervision, and adjudicated him guilty on the original burglary offense in
Dallas County. The court then sentenced appellant to twenty years' confinement.
Discussion
In his sole point, appellant argues that
the Dallas County district court denied him procedural due process by
transferring the motion to proceed with adjudication from Dallas County to
Denton County without notice and a hearing. He alleges that Texas Code of
Criminal Procedure article 42.12, section 10(b) does not provide for proper
notice or a meaningful opportunity to be heard; thus, he is without recourse to
determine if the State used the statute to "forum shop." Id.
§10(b). The State first responds that this court lacks jurisdiction to consider
this appeal. See id. § 5(b). Alternatively, it argues that
appellant did not preserve the point for review. Furthermore, it claims that the
trial court did not err in following the probation transfer statute and that the
statute does not offend constitutional due process since it does not affect a
liberty interest.
The State contends we have no jurisdiction
because an appeal may not be taken from the trial court's determination to
proceed with an adjudication of guilt. See id. ("The
defendant is entitled to a hearing limited to the determination by the court of
whether it proceeds with an adjudication of guilt on the original charge. No
appeal may be taken from this determination."). This is a correct statement
of the law; however, it does not deprive us of jurisdiction in this case. The
Dallas court's decision to transfer the case to Denton was unrelated to
appellant's conviction and unrelated to the decision to adjudicate. See
Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002) (holding that
rule 25.2(b)(3) controls an appeal, made either before or after an adjudication
of guilt, by a defendant placed on deferred adjudication who challenges an issue
relating to his conviction); Vidaurri v. State, 49 S.W.3d 880, 885
(Tex. Crim. App. 2001) (holding that appellant's claim that he was deprived of a
separate punishment hearing was "unrelated to his conviction"; thus,
rule 25.2(b)(3) limitations did not apply). The decision to transfer occurred
independently of the decision to adjudicate; therefore, we will address
appellant's point.
To preserve a complaint for our review, a
party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion. Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh'g), cert. denied, 526 U.S. 1070 (1999). Further, the trial
court must have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court's
refusal to rule. Tex. R. App. P. 33.1(a)(2); Taylor v. State, 939
S.W.2d 148, 155 (Tex. Crim. App. 1996).
Appellant concedes that he did not object
to the transfer order until after the decision to adjudicate and that he then
objected only to the assessment of sentence by the judge in Denton County. He
never objected that transferring the case from Dallas to Denton County denied
him of his due process rights. Thus, appellant's complaint on appeal does not
comport with his objection in the trial court and is waived. See Bell v.
State, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), cert. denied, 522
U.S. 827 (1997).(2)
Appellant's sole point is overruled.
Conclusion
Having overruled appellant's sole point,
we affirm the trial court's judgment.
 
                                                                      
PER CURIAM
 
PANEL F: LIVINGSTON, DAY, and DAUPHINOT,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: July 31, 2003

1. See Tex. R. App. P. 47.4.
2. The court of criminal appeals has held that the
preservation requirements of rule 33.1 do not apply to two relatively small
categories of errors: violations of rights that are "waivable only"
and denials of "absolute, systemic" rights. Tex. R. Evid. 103(d); Saldano
v. State, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002); see also Ibarra v.
State, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999) (stating that, except for
complaints involving "fundamental constitutional systemic
requirements," a complaint based on a violation of a constitutional or
statutory right is waived by the failure to comply with rule 33.1), cert.
denied, 531 U.S. 828 (2000). Appellant's complaint, however, does not fall
into either of these categories. Thus, he was required to timely object to the
trial court to preserve his due process complaint.