HO V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-485-CR

KWONG YEUNG HO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211
TH
 DISTRICT COURT OF DENTON
 COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Appellant Kwong Yeung Ho appeals from the Dallas County district court’s order transferring his case from Dallas County to Denton County.  In his sole point, he contends that the district court erred in transferring the motion to proceed with adjudication from Dallas County to Denton County without notice and a hearing, thus denying him due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution.  We affirm.

Background

Appellant was charged in a Dallas trial court with burglary of a habitation, and on April 20, 2000, appellant pled guilty to the offense.  The court deferred adjudication and placed appellant on community supervision for five years.  On September 11, 2002, the State filed a motion to proceed with an adjudication of guilt, alleging that appellant had violated his community supervision by committing an aggravated assault in Denton County.  On October 16, 2002, the Dallas County district court transferred jurisdiction of the case to a Denton County district court in accordance with article 42.12, section 10 of the Texas Code of Criminal Procedure.  
See
 
Tex. Code Crim. Proc. Ann
. art. 42.12, § 10 (Vernon Supp. 2003).  The Denton court held a hearing on the State’s motion, revoked appellant’s community supervision, and adjudicated him guilty on the original burglary offense in Dallas County.  The court then sentenced appellant to twenty years’ confinement.

Discussion

In his sole point, appellant argues that the Dallas County district court denied him procedural due process by transferring the motion to proceed with adjudication from Dallas County to Denton County without notice and a hearing.  He alleges that Texas Code of Criminal Procedure article 42.12, section 10(b) does not provide for proper notice or a meaningful opportunity to be heard; thus, he is without recourse to determine if the State used the statute to “forum shop.” 
 
Id.
 
§10(b).  The State first responds that this court lacks jurisdiction to consider this appeal.  
See
 
id
. § 5(b).  Alternatively, it argues that appellant did not preserve the point for review.  Furthermore, it claims that the trial court did not err in following the probation transfer statute and that the statute does not offend constitutional due process since it does not affect a liberty interest. 

The State contends we have no jurisdiction because an appeal may not be taken from the trial court's determination to proceed with an adjudication of guilt.  
See
 
id.
 (“The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge.  No appeal may be taken from this determination.”).  This is a correct statement of the law; however, it does not deprive us of jurisdiction in this case.  The Dallas court’s decision to transfer the case to Denton was unrelated to appellant’s conviction and unrelated to the decision to adjudicate.  
See Woods v. State
, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002) (holding that rule 25.2(b)(3) controls an appeal, made either before or after an adjudication of guilt, by a defendant placed on deferred adjudication who challenges an issue relating to his conviction); 
Vidaurri v. State
, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001) (holding that appellant’s claim that he was deprived of a separate punishment hearing was “unrelated to his conviction”; thus, rule 25.2(b)(3) limitations did not apply).  The decision to transfer occurred independently of the decision to adjudicate; therefore, we will address appellant’s point.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Taylor v. State
, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996).

Appellant concedes that he did not object to the transfer order until after the decision to adjudicate and that he then objected only
 to the assessment of sentence by the judge in Denton County.  He never objected that transferring the case from Dallas to Denton County denied him of his due process rights.  Thus, appellant’s complaint on appeal does not comport with his objection in the trial court and is waived.  
See Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997).
(footnote: 2)  Appellant’s sole point is overruled. 

Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, DAY, and DAUPHINOT, JJ.

DO NOT PUBLISH 

Tex. R. App. P
. 47.2(b)

DELIVERED:  July 31, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
The court of criminal appeals has held that the preservation requirements of rule 33.1 do not apply to two relatively small categories of errors:  violations of rights that are “waivable only” and denials of “absolute, systemic”
 rights.  
Tex. R. Evid.
 103(d)
; Saldano v. State,
 70 S.W.3d 873, 888 (Tex. Crim. App. 2002); 
see also Ibarra v. State
, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999) (stating that, except for complaints involving “fundamental constitutional systemic requirements,” a complaint based on a violation of a constitutional or statutory right is waived by the failure to comply with rule 33.1), 
cert. denied,
 531 U.S. 828 (2000)
.  Appellant’s complaint, however, does not fall into either of these categories.  Thus, he was required to timely object to the trial court to preserve his due process complaint.