Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

RICHARD YBARRA,
)
 No. 08-02-00129-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 109th District Court

)


THE STATE OF TEXAS,
)
 of Winkler County, Texas

)


 Appellee.
)
 (TC# 3812)


MEMORANDUM OPINION



 Pending before the Court is the State's motion to dismiss this appeal for lack of jurisdiction. 
We grant the State's motion and dismiss the appeal for want of jurisdiction.

FACTUAL SUMMARY


 The record before us reflects that on February 15, 1995, Richard Ybarra pleaded guilty to
engaging in organized criminal activity. In accordance with a plea bargain, the court found that the
evidence substantiated Appellant's guilt but deferred making an adjudication of guilt, and the court
placed Appellant on community supervision for ten years. The State later filed a motion to
adjudicate guilt. Appellant entered a plea of true in exchange for the State's recommendation that
Appellant's punishment be assessed at imprisonment for ten years. The trial court adjudicated
Appellant guilty and assessed punishment in accordance with the plea bargain. Appellant, acting
pro se, filed a general notice of appeal.

JURISDICTION


 Appellant's court-appointed counsel has filed a brief in which he has concluded that the
appeal is wholly frivolous and without merit. The brief meets the requirements of Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh. denied, 388 U.S. 924, 87 S.Ct. 2094,
18 L.Ed.2d 1377 (1967), by presenting a professional evaluation of the record demonstrating why,
in effect, there are no arguable grounds to be advanced. See High v. State, 573 S.W.2d 807
(Tex.Crim.App. 1978); Currie v. State, 516 S.W.2d 684 (Tex.Crim.App. 1974); Jackson v. State,
485 S.W.2d 553 (Tex.Crim.App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969). 
A copy of counsel's brief has been delivered to Appellant, and Appellant has been advised of his
right to examine the appellate record and file a pro se brief. No pro se brief has been filed.

 In response to the Anders brief, the State has filed a motion to dismiss for lack of jurisdiction. 
Appellate jurisdiction is invoked by giving timely and proper notice of appeal. Woods v. State, 68
S.W.3d 667, 669 (Tex.Crim.App. 2002); White v. State, 61 S.W.3d 424, 428 (Tex.Crim.App. 2001). 
Dismissal of an issue or the entire matter is appropriate unless the form of the notice of appeal is
proper to perfect appeal as to the issue or matter. Woods, 68 S.W.3d at 669; White, 61 S.W.3d at
428. To invoke this court's jurisdiction over an appeal from a negotiated, felony guilty plea, a notice
of appeal must conform to the mandatory notice requirements of rule 25.2(b)(3). White, 61 S.W.3d
at 429; Tex.R.App.P. 25.2(b)(3). Rule 25.2(b)(3) requires the notice of appeal to: (1) specify that
the appeal is for a jurisdictional defect; (2) specify that the substance of the appeal was raised by
written motion and ruled on before trial; or (3) state that the trial court granted permission to appeal. 
Tex.R.App.P. 25.2(b)(3). The failure of an appellant to follow Rule 25.2(b)(3) deprives an appellate
court of jurisdiction over the appeal. Woods, 68 S.W.3d at 669. Rule 25.2(b)(3)'s notice provisions
apply to defendants who are placed on deferred adjudication community supervision where the
defendant raises an issue on appeal relating to his conviction. Woods, 68 S.W.3d at 669.

 Appellant has not raised any issues on appeal either related or unrelated to his conviction. 
Having failed to satisfy the notice provisions of Rule 25.2(b)(3), Appellant's notice of appeal fails
to confer jurisdiction on this Court. Accordingly, the State's motion to dismiss is granted and the
appeal is hereby dismissed for lack of jurisdiction.


January 29, 2004 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)