**Dismissed and Memorandum Opinion filed April 9, 2015.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-15-00274-CR

**JOSEPH BARNARD HINES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 776436**

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to aggravated robbery. On November 1, 1999, pursuant to an agreement with the State, the trial court sentenced appellant to confinement for fifteen years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed an untimely pro se notice of appeal on August 8, 2000. This court dismissed appellant's direct appeal for want of jurisdiction. *See Hines v. State*, No. 14-00-01014-CR, 2001 WL 8322, at \*1 (Tex. App.—Houston [14th Dist.] Jan. 4, 2001, no pet.) (not designated for publication).

On February 16, 2015, appellant filed a pro se notice of appeal attempting to challenge the order from the juvenile court waiving jurisdiction over him, certifying him for trial as an adult, and transferring the aggravated robbery case to the criminal court. *See* Tex. Fam. Code Ann. § 54.02 (West 2014). According to the notice of appeal, appellant was originally charged with aggravated robbery as a juvenile in the 313th District Court. A defendant may appeal an order of a juvenile court certifying him to stand trial as an adult and transferring him to a criminal court only in conjunction with the appeal from the conviction or order deferring adjudication of the offense for which the defendant was transferred. Tex. Code Crim. Proc. Ann. art. 44.47 (West 2006); *Moon v. State*, 451 S.W.3d 28, 39–40 (Tex. Crim. App. 2014) (stating a juvenile offender may not immediately appeal from the juvenile court's waiver of jurisdiction; instead, he must wait until he has been convicted in an adult criminal court to complain on appeal of some error in the juvenile court's transfer ruling). Therefore, appellant was required to appeal the juvenile court's order in a timely appeal from his aggravated robbery conviction.

We lack jurisdiction over this attempted appeal. To invoke an appellate court's jurisdiction over an appeal, an appellant must file a timely and proper notice of appeal. *Woods v. State*, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002). If an appellate court's jurisdiction is not properly invoked, the court has no power to act other than to dismiss the appeal. *Id.* Appellant's notice of appeal filed in 2015 is untimely to appeal the juvenile certification order leading to his 1999 conviction.

Accordingly, we order the appeal dismissed.

PER CURIAM

Panel consists of Justice Christopher, Brown, and Wise.

Do Not Publish — Tex. R. App. P. 47.2(b).

2