

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0836-24

## LUZALBERT HERNANDEZ, Appellant

### v.

## THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### VICTORIA COUNTY

**KEEL, J., delivered the opinion for a unanimous Court.**

## O P I N I O N

This case is about two motions for extension of time to file notice of appeal. One motion was specific, and the other was general. But neither invoked the jurisdiction of the court of appeals.

After Appellant's third motion for DNA testing was denied, he pursued two motions to extend time to file his notice of appeal—one under the rule specific to appealing denial of DNA testing, and the other under the rule that applies generally to

criminal appeals. *See* Tex. R. App. P. 4.6 (providing extension of time specific to DNA appeals), 26.3 (providing extension of time generally).[1] We granted review to decide whether the court of appeals erred in dismissing Appellant's general motion for extension while the DNA-specific motion for extension was pending in the trial court. It did not err, and we affirm its judgment.

## I. Invoking an Appellate Court's Jurisdiction

Timely, proper notice of appeal is essential to invoking an appellate court's jurisdiction. *Woods v. State*, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002). If its jurisdiction is not properly invoked, then an appellate court's only course is to dismiss the appeal. *See id.*

Timeliness of notice of appeal is defined by Rule 26.2. Tex. R. App. P. 26.2. Those deadlines generally may be extended under Rule 26.3. Tex. R. App. P. 26.3. Under Rule 26.3, an appellate court may extend a notice-of-appeal deadline if the appealing party within 15 days files notice of appeal in the trial court and a motion for extension in the court of appeals that complies with Rule 10.5(b). *See* Tex. R. App. P. 10.5(b), 26.3.

Under certain circumstances, time to file notice of appeal may also be extended for appeals of orders denying DNA testing. Tex. R. App. P. 4.6. If the defense does not get notice or learn of a denial of DNA testing within 20 days of its signing, then the

---

1 References to Rules in this opinion refer to the Texas Rules of Appellate Procedure.

notice-of-appeal calendar starts from the date the defense got notice or actual knowledge and extends up to 120 days from the order's signing.   Tex. R. App. P. 4.6(a).   The motion for additional time under Rule 4.6 must be in writing and sworn, express the defendant's desire to appeal, specify when the defense got notice or knowledge of the order, and be filed within 120 days of the order denying testing.   Tex. R. App. P. 4.6(b)(1).   The defendant must prove in the trial court the earliest date that the defense got notice or actual knowledge of the signing of the order and that this date was more than twenty days after the order was signed.   Tex. R. App. P. 4.6(b)(2).   If his motion meets the requirements of (b)(1) and (b)(2), it "may serve as the defendant's notice of appeal."   Tex. R. App. P. 4.6(b)(3).[2]

---

2  The whole of Rule 4.6 reads as follows:

   (a) *Additional Time to File Notice of Appeal*. If neither an adversely affected defendant nor the defendant's attorney received notice or acquired actual knowledge that the trial judge signed an order appealable under Code of Criminal Procedure Chapter 64 within twenty days after the signing, then the time periods under these rules that ordinarily run from the signing of an appealable order will begin to run on the earliest date when the defendant or the defendant's attorney received notice or acquired actual knowledge of the signing. But in no event shall such periods begin more than 120 days after the day the trial judge signed the appealable order.
   (b) *Motion to Gain Additional Time*.
       (1) A defendant's motion for additional time must:
           (A) Be in writing and sworn;
           (B) State the defendant's desire to appeal from the appealable order;
           (C) State the earliest date when the defendant or the defendant's attorney received notice or acquired actual knowledge that the trial judge signed the appealable order; and
           (D) Be filed within 120 days of the signing of the appealable order.
       (2) To establish the application of paragraph (a) of this rule, the defendant adversely affected must prove in the trial court:
           (A) The earliest date on which the defendant or the defendant's attorney received notice or acquired actual knowledge that the trial judge signed the appealable order; and
           (B) That this date was more than twenty days after the signing of the appealable order.
       (3) If the defendant's motion for additional time meets the requirements set out in paragraphs (b)(1) and (b)(2), the motion may serve as the defendant's notice of appeal.
   (c) *The Court's Order*. After hearing the motion for additional time, the trial judge must sign a written order that determines the earliest date when the defendant or the defendant's attorney received notice or acquired actual knowledge that the trial judge signed the appealable order and whether this date was more than twenty days after the judge signed the appealable order.

As detailed below, appellant sought extensions of time simultaneously under Rules 4.6 and 26.3

## II.  Background

Appellant was convicted of engaging in organized criminal activity and aggravated assault with a deadly weapon.   He filed three Chapter 64 motions seeking post-conviction DNA testing on one of the deadly weapons, a golf club.   *See* Tex. Code Crim. Proc. Ch. 64.   The trial court denied the motions because it found that, among other things, identity was not an issue in the case, and exculpatory DNA testing would not have changed the outcome of the trial.   The court of appeals affirmed the first two denials and dismissed the appeal of the third.   *See Hernandez v. State*, No. 13-20-00216-CR, 2022 WL 324069 (Tex. App.—Corpus Christi–Edinburg Feb. 3, 2022) (mem. op., not designated for publication) (affirming the trial court's ruling); *Hernandez v. State*, No. 13-23-00015-CR, 2023 WL 8642704 (Tex. App.—Corpus Christi–Edinburg Dec. 14, 2023) (mem. op., not designated for publication) (same); *Hernandez v. State*, No. 13-24-00355-CR, 2024 WL 3616611 (Tex. App.—Corpus Christi–Edinburg Aug. 1, 2024) (mem. op., not designated for publication) (dismissing the appeal) ("*Hernandez III*"). The dismissal is the subject of this review.

The trial court denied Appellant's third motion for DNA testing on March 14,

---

(d) *The Clerk's Duties*. The trial court clerk must immediately (as they are filed or entered in the record) forward to all parties in the case copies of the defendant's motion for additional time, the trial judge's written order under subsection (c), the order the defendant seeks to appeal, any State's response, and any exhibits and related documents.

2024. Appellant says he first learned of the ruling on June 11, 2024. On July 12, 2024, he sent to the trial court a motion for additional time to file notice of appeal; the motion invoked Chapter 64 and Rule 4.6, and a copy of the motion was sent to the court of appeals. Also on July 12, Appellant sent to the court of appeals a motion for extension of time citing Rule 26.3. That motion said it was "ancillary to" the motion he had filed in the trial court under Rule 4.6. The trial court and the court of appeals received their respective motions on July 17, 2024. As far as the record shows, the trial court did not rule on the Rule 4.6 motion that it received, but the court of appeals denied its Rule 26.3 motion on August 1. It noted that the trial court had denied Appellant's motion for forensic testing in March, and Appellant had filed his notice of appeal in July, so it dismissed the appeal for want of jurisdiction.[3] *Hernandez III*, at *1.

Appellant argues that the court of appeals should have remanded his case to the trial court for a hearing under Rule 4.6. His argument lacks merit because he failed to invoke the court of appeals's jurisdiction with either of his motions for extension of time to file notice of appeal. His Rule 26.3 motion for extension was too late, and his Rule 4.6 motion for extension did not comply with the Rule's requirements.

---

3 Here is a more succinct rendition of the 2024 timeline:

March 14: the trial court denied Appellant's third Chapter 64 motion
June 11: Appellant received notice that his Chapter 64 motion was denied
July 12: Appellant mailed to the trial court his notice of appeal and Rule 4.6 motion for additional time to file notice of appeal and mailed to the court of appeals his notice of appeal and a Rule 26.3 motion for extension of time to file notice of appeal
July 17: both courts received their respective motions for extension of time
August 1: the court of appeals denied Appellant's motion for extension of time to file notice of appeal and dismissed his appeal for want of jurisdiction

## III. Analysis

Both of Appellant's efforts to invoke the court of appeals's jurisdiction were ineffective.

Appellant's notice of appeal and motion for extension of time under Rules 26.2 and 26.3 were untimely because they were filed more than 15 days after the original deadline. *See* Tex. R. App. P. 26.3 (imposing 15-day deadline for filing late notice of appeal and motion for extension of time). Absent timely notice of appeal, the court of appeals had no choice but to dismiss the appeal. *See Woods*, 68 S.W.3d at 669. It could not have remanded because it had no jurisdiction to do anything except to dismiss the appeal. *See id.*

Meanwhile, Appellant's Rule 4.6 motion did not serve as notice of appeal because it was unsworn. *See* Tex. R. App. P. 4.6(b)(1)(A) (specifying that the motion must "[b]e in writing and sworn"). The "sworn" requirement could have been met with an unsworn declaration as a substitute, but it lacked that, too. *See* Tex. Civ. Prac. & Rem. Code § 132.001(a)-(c) (specifying that, with certain exceptions, "an unsworn declaration may be used in lieu of a written sworn declaration" if it is in writing and subscribed as true under penalty of perjury). Accordingly, the unsworn motion for extension did not serve as a notice of appeal. *See* Tex. R. App. P. 4.6(b)(3) (specifying that the defendant's motion for additional time "may serve as the defendant's notice of appeal" if it "meets the requirements set out in paragraphs (b)(1) and (b)(2)").

Failure to swear to a Rule 4.6 motion is a procedural defect that may be abandoned

by agreement of the State. *E.g.*, *Lewis v. State*, No. 02-23-00185-CR, 2023 WL 8820311, at *4-5 (Tex. App.—Fort Worth Dec. 21, 2023) (mem. op., not designated for publication) (declining to dismiss unsworn Rule 4.6 motion because it was unopposed by the State and the procedural defect was deemed waived). Otherwise, the failure to swear to the motion is fatal. *E.g.*, *In re Wilson*, No. 03-23-00127-CR, 2024 WL 3269522, at *2 n.1 (Tex. App.—Austin June 28, 2024) (mem. op., not designated for publication) (dismissing untimely notice of appeal and noting that request for additional time did not meet Rule 4.6's sworn requirement); *In re Whitfield*, No. 03-21-00170-CR, 2021 WL 5220313, at *2 n.1 (Tex. App.—Austin Nov. 10, 2021) (mem. op., not designated for publication) (same).

Our conclusion here accords with *Skinner v. State*, 484 S.W.3d 434 (Tex. Crim. App. 2016). It held that an agreed-but-unsworn motion for DNA testing qualified as a Chapter 64 motion because of three circumstances: the motion's substance, the parties' agreement to it, and the trial court's understanding of it. *Id.* at 438. The motion's unsworn condition would be a fatal pleading deficiency only if the non-moving party had no opportunity to respond to it, did not address its substance, or objected to its lack of verification. *Id.* But Skinner's failure to swear to the motion was not fatal because the State agreed to the joint motion. *Id.* Here, however, there was no agreement, and the record before us bears no sign that the State was served with a copy of the motion or had any opportunity in the trial court to respond to it.

Appellant argues that a Rule 4.6 motion automatically vests the trial court with

jurisdiction and remains pending until the trial court rules on it. That is beside the point because the trial court's jurisdiction is not at issue here—only the appellate court's. A Rule 4.6 motion for extension of time may serve as notice of appeal if it meets certain requirements, but Appellant's did not meet the "sworn" requirement, so it did not serve as notice of appeal that would have invoked the appellate court's jurisdiction.

## IV. Conclusion

Appellant's Rule 4.6 motion for extension did not serve as a notice of appeal because it was unsworn, and his Rule 26.3 motion for extension was untimely. We affirm the judgment of the court of appeals.

Delivered: September 24, 2025

Publish