11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Lester Don Parks

Appellant

Vs.                   No. 11-02-00266-CR  -- 
Appeal from Coleman County

State of Texas

Appellee

 

Lester Don
Parks originally pleaded no contest to the charge of indecency with a
child.  Pursuant to the plea bargain
agreement, the trial court deferred the adjudication of appellant=s guilt, placed him on community supervision
for 5 years, and assessed a $1,000 fine. 
Shortly thereafter, the State filed a motion to adjudicate appellant=s guilt. 
The trial court adjudicated appellant guilty of the offense and assessed
his punishment at confinement for 15 years and a fine of $10,000.   Appellant subsequently requested and
received an out-of-time appeal.[1]  We dismiss the appeal.  








In his
sole point of error, appellant complains that the trial court abused its
discretion and violated his rights to due process and fundamental fairness by
adjudicating appellant=s
guilt even though he had not been apprised of the terms and conditions of his
community supervision before the violations occurred.[2]  However, to invoke an appellate court=s jurisdiction over an appeal, a timely and
proper notice of appeal must be filed. 
Woods v. State, 68 S.W.3d 667, 669 (Tex.Cr.App.2002); White v. State, 61
S.W.3d 424, 428 (Tex.Cr.App.2001). 
Although appellant=s notice of appeal was timely pursuant to the order granting an
out-of-time appeal, it was not proper. 
Appellant filed only a general notice of appeal that did not comply with
the provisions of former TEX.R.APP.P. 25.2(b)(3).[3]  Because appellant=s notice of appeal did not comply with Rule
25.2(b)(3) and because his point of error relates to his conviction, we have no
jurisdiction to address the point of error. 
Woods v. State, supra; Vidaurri v. State, 49 S.W.3d 880
(Tex.Cr.App.2001); Watson v. State, 924 S.W.2d 711 (Tex.Cr.App.1996); see also
White v. State, supra.  

Moreover,
points of error concerning the trial court=s determination to proceed with an adjudication of guilt may not be
raised on appeal.  TEX. CODE CRIM. PRO.
ANN. art. 42.12, ' 5(b)
(Vernon Supp. 2003); Connolly v. State, 983 S.W.2d 738 (Tex.Cr.App.1999);
Olowosuko v. State, 826 S.W.2d 940 (Tex.Cr.App.1992).  Because of the restrictions contained in Article 42.12, section
5(b), the issue raised by appellant in this appeal may only be challenged in an
application for a post-conviction writ of habeas corpus.  

Accordingly,
the appeal is dismissed for want of jurisdiction.  

 

PER
CURIAM

 

February 27, 2003

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J. 











     [1]The United States District Court granted appellant=s petition for writ of habeas corpus on October 3,
2000.  In re Lester Don Parks, Civil
Action No. 6:98-CV-026-C.  The Fifth
Circuit Court of Appeals affirmed the trial court in 2002.





     [2]We note that the record reflects that appellant had
been apprised of the terms of the conditions of his probation prior to the date
of the violations but that he had not received a certified copy from the
district clerk prior to the date of the violations.  





     [3]At the time appellant filed his notice of appeal on
August 12, 2002, the provisions of former TEX.R.APP.P. 25.2 applied and, thus,
control this appeal.