**Tremayne L. ALLEN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–01–355–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 30, 2002.

Sheila R. Randolph, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Assistant District Attorney, Fort Worth, for appellee.

PANEL D: DAY, LIVINGSTON, and DAUPHINOT, JJ.

## OPINION

SAM J. DAY, Justice.

Appellant Tremayne L. Allen appeals from the trial court's judgment adjudicating his guilt for the offense of possession of less than one gram of cocaine, a state jail felony. We dismiss the appeal for want of jurisdiction.

## BACKGROUND

On May 19, 2000, pursuant to a plea bargain agreement, appellant pleaded guilty to the offense, and the trial court placed him on deferred adjudication community supervision for two years. Subsequently, the State filed a petition to proceed to an adjudication of guilt, alleging appellant had violated certain conditions of his community supervision. On August 8, 2001, also pursuant to a plea bargain agreement, appellant pleaded true to paragraph one of the State's petition, and the trial court adjudicated appellant guilty of the offense and assessed his punishment at six months' confinement in a state jail facility. Following the adjudication proceeding, appellant filed a pro se notice of appeal complaining of ineffective assistance of counsel at the proceeding adjudicating his guilt.

Because appellant's notice of appeal did not appear to invoke our appellate jurisdiction, we sent a letter to appellant's counsel directing her to submit a letter brief identifying the issues or points to be raised on appeal and explain why those issues or points warrant continuation of the appeal. No letter brief was received within the time allowed.

## APPELLATE JURISDICTION

 Jurisdiction concerns the power of a court to hear and determine a case. *State v. Riewe,* 13 S.W.3d 408, 410 (Tex. Crim.App.2000); *Olivo v. State,* 918 S.W.2d 519, 522 (Tex.Crim.App.1996). Appellate jurisdiction is invoked by giving timely and proper notice of appeal. *White v. State,* 61 S.W.3d 424, 428 (Tex.Crim. App.2001); *Riewe,* 13 S.W.3d at 410; *Lemmons v. State,* 818 S.W.2d 58, 60 (Tex. Crim.App.1991). Dismissal of an issue or the entire matter is appropriate unless the form of the notice of appeal is proper to perfect appeal as to the issue or matter. *White,* 61 S.W.3d at 428.

 To invoke this court's jurisdiction over an appeal from a negotiated, felony guilty plea, a notice of appeal must conform to the mandatory notice requirements of rule 25.2(b)(3). TEX.R.APP. P. 25.2(b)(3); *White,* 61 S.W.3d at 429. These requirements apply equally to appeals from a judgment adjudicating guilt when the parties agreed to deferred adjudication community supervision pursuant to a plea bargain agreement at the original plea proceeding and the appellant is later adjudicated guilty, unless he raises an issue or issues unrelated to his conviction. *Woods v. State,* 68 S.W.3d 667, 669 (Tex. Crim.App.2002); *Vidaurri v. State,* 49 S.W.3d 880, 884–85 (Tex.Crim.App.2001).

 Because appellant's notice of appeal does not satisfy rule 25.2(b)(3) and the appeal does not raise an issue unrelated to his conviction, his notice fails to confer jurisdiction on this court. Absent appellate jurisdiction, we can take no action other than to dismiss the appeal. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex. Crim.App.1998); *Olivo,* 918 S.W.2d at 523–25. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX.R.APP. P. 43.2(f).

DAUPHINOT, J. filed a dissenting opinion.

LEE ANN DAUPHINOT, Justice, dissenting.

I respectfully dissent from the majority's holding that when an appellant appeals under a general notice of appeal after adjudication of deferred adjudication community supervision, we must dismiss for want of jurisdiction pursuant to rule 25.2(b)(3) of the Texas Rules of Appellate Procedure unless the appellant shows this court, before receiving the record and be-

fore briefing, that he will raise issues related exclusively to punishment.

There are two kinds of community supervision. "Regular" community supervision means placing a defendant under a continuum of programs and sanctions for a specified period after conviction and sentencing, during which period imposition of sentence is suspended in whole or in part. "Deferred adjudication" community supervision means placing a defendant under a continuum of programs and sanctions for a specified period before adjudicating guilt and, consequently, before sentencing.[1]

### APPEALS FROM THE GRANTING OF PLEA–BARGAINED COMMUNITY SUPERVISION

A defendant who appeals from the trial court's granting of regular community supervision pursuant to a plea bargain must give the special notice of appeal required by rule 25.2(b)(3).[2] This rule controls because an appeal from the judgment imposing regular community supervision is an appeal from a judgment rendered on the defendant's plea of guilty or nolo contendere under article 1.15 of the Texas Code of Criminal Procedure pursuant to a plea bargain.[3]

Similarly, a defendant who appeals from the granting of deferred adjudication community supervision pursuant to a plea bargain must also give the special notice of appeal required by rule 25.2(b)(3).[4] This rule controls because an appeal from the judgment imposing deferred adjudication community supervision is an appeal from a judgment rendered on the defendant's plea of guilty or nolo contendere under article 1.15 of the Texas Code of Criminal Procedure pursuant to a plea bargain.[5]

### APPEALS FROM THE REVOCATION OF PLEA–BARGAINED COMMUNITY SUPERVISION

When, however, a defendant appeals from revocation of regular community supervision, he does not appeal from a judgment rendered on his plea of guilty or nolo contendere under Texas Code of Criminal Procedure article 1.15. Such an appeal would be untimely.[6] Additionally, the plea bargain that the defendant and the State entered into was complete when the trial judge placed the defendant on community supervision originally. The plea bargain operates at the revocation stage only to provide the maximum limitation on the sentence the trial court can impose. Rule 25.2(b)(3) thus does not govern appeals from revocation of regular community supervision.[7] Article 42.12, section 23(b) of the Texas Code of Criminal Procedure does.[8]

Article 42.12, section 23(b) affords a defendant an unrestricted right to appeal from an order revoking regular community supervision, even if that community supervision was a result of a plea bargain.[9] But at this stage, a defendant may not raise issues related to his conviction and punishment resulting from his original plea; he

---

1. Tex Code Crim. Proc. Ann. art. 42.12, § 2(2) (Vernon Supp.2002).

2. Tex R.App. P. 25.2(b)(3).

3. Tex.Code Crim. Proc. Ann. art. 1.15 (Vernon Supp.2002).

4. Tex R.App. P. 25.2(b)(3).

5. See id.

6. See Tex.R.App. P. 26.2.

7. See Feagin v. State, 967 S.W.2d 417, 419 (Tex.Crim.App.1998).

8. Tex.Code Crim. Proc. Ann. art. 42.12 § 23(b).

9. Id.; see Feagin, 967 S.W.2d at 419.

may appeal only the revocation.[10] The Texas Court of Criminal Appeals held in *Feagin* that

> Rule 40(b)(1) [now rule 25.2(b)(3) ] is . . . inapplicable to appeals attacking the propriety of orders revoking probation . . . . *See also Corley v. State,* 782 S.W.2d 859 (Tex.Crim.App.1989) (pointing out that a defendant may appeal from the trial court's order revoking probation, with the time for filing notice of such appeal beginning to run from the revocation rather than from the original plea hearing).[11]

Because rule 25.2(b)(3) is inapplicable to appeals from revocation of regular community supervision, a general notice of appeal is sufficient to vest an appellate court with jurisdiction.[12]

Similarly, I respectfully submit, when a defendant appeals from revocation of deferred adjudication community supervision, he does not appeal from a judgment rendered on his plea of guilty or nolo contendere under Texas Code of Criminal Procedure article 1.15.[13] The judgment rendered on his plea of guilty or nolo contendere under Texas Code of Criminal Procedure article 1.15 placed him on deferred adjudication community supervision. An appeal on that judgment after revocation and adjudication would be untimely.[14] Additionally, the plea bargain for deferred adjudication community supervision was complete when the trial court granted deferred adjudication community supervision. By its very nature, a deferred adjudication judgment, unlike a judgment placing a defendant on "regular" community supervision, contains no adjudication of guilt and does not limit the range of punishment upon revocation. On revocation of deferred adjudication community supervision, the only limits on the sentence that the trial court may impose are those established by the legislature. Only if a defendant specifically bargained for the maximum sentence allowed by law, which occasion would be rare indeed, would his plea agreement at the time of the granting of community supervision address his sentence after conviction.

Other rational reasons that rule 25.2(b)(3) does not apply appear in the subsections of the rule.[15] Rule 25.2(b)(3) seems to permit a defendant to challenge jurisdiction and rulings on pretrial motions and appeal any issue with the trial court's permission.[16] In *Woods,* the Texas Court of Criminal Appeals implied that an appellant could complain of a certification order that was entered before she was placed on deferred adjudication *after* she was adjudicated and revoked.[17] A complaint about a certification order is jurisdictional.[18] As Judge Womack pointed out in his concurrence, that issue, even though it is jurisdictional, cannot be raised after an appellant's

---

10. Tex.Code Crim. Proc. Ann. art. 42.12, § 23(b).

11. *Feagin,* 967 S.W.2d at 419.

12. Tex R.App. P. 25.2(b)(2); *see Feagin,* 967 S.W.2d at 419.

13. *See* Tex.R.App. P. 25.2(b)(3).

14. *See* Tex.R.App. P. 26.2.

15. Tex.R.App. P. 25.2(b)(3)(A), (B), (C).

16. *Id.*

17. *Woods v. State,* 68 S.W.3d 667, 670 (Tex. Crim.App.2002).

18. *See* Tex. Fam.Code Ann. §§ 51.04(a), 54.02(j) (Vernon Supp.2002); *In re N.J.A.,* 997 S.W.2d 554, 555 (Tex.1999); *see also Ex parte Trahan,* 591 S.W.2d 837, 841 (Tex.Crim.App.1979) (holding that waiver and transfer from the juvenile court are essential to the district court's jurisdiction); *Whytus v. State,* 624 S.W.2d 290, 291 (Tex.App.-Dallas 1981, no pet.) (same).

deferred adjudication community supervision is revoked.[19] And the clear rule is that a defendant may not wait until after adjudication and revocation to appeal a ruling on a pretrial motion.[20] One wonders whether any issues remain that a trial court could grant an appellant permission to appeal. Rule 25.2(b)(3) thus does not govern appeals from revocation of deferred adjudication community supervision.[21] I respectfully urge the Texas Court of Criminal Appeals to reconsider its apparent holding in *Woods* that rule 25.2(b)(3) does govern appeals from revocation of deferred adjudication community supervision and either clarify my misunderstanding of the import of this language or revisit the question.[22] Because rule 25.2(b)(3) is inapplicable to appeals from revocation of deferred adjudication community supervision, a general notice of appeal is sufficient to vest an appellate court with jurisdiction.[23]

Article 42.12, section 5 of the Texas Code of Criminal Procedure does govern appeals from revocation of deferred adjudication community supervision.[24] That section provides that "[t]he defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination."[25] This provision does not deny jurisdiction to the courts of appeals. We should not dismiss such appeals, then, for want of jurisdiction. We should, instead, overrule issues on appeal challenging the trial court's determination.

Article 42.12, section 5 also addresses issues on appeal that a defendant may still bring after his deferred adjudication community supervision is revoked: "After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred."[26]

In summary, I believe that the law requires that we allow Appellant to request and review the clerk's record and the reporter's record and brief his issues. If, on appeal, he challenges the trial court's decision to adjudicate, he should lose on the merits; that is, we should affirm his conviction, because this challenge is an issue on which he cannot succeed, just as he cannot succeed on a complaint that was not preserved for appeal.[27] For all the reasons outlined above, I respectfully dissent.

---

**19.** *Woods*, 68 S.W.3d at 670 (Womack, J., concurring).

**20.** *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999); *Northington v. State*, 76 S.W.3d 203, 206 (Tex.App.-Fort Worth 2002, no pet.); *Williams v. State*, 76 S.W.3d 207, 209 (Tex.App.-Fort Worth 2002, no pet.).

**21.** *See Woods*, 68 S.W.3d at 671 (Womack, J., concurring); *Vidaurri v. State*, 49 S.W.3d 880, 887 (Tex.Crim.App.2001) (Womack, J., concurring).

**22.** *See Woods*, 68 S.W.3d at 669.

**23.** Tex.R.App. P. 25.2(b)(2).

**24.** Tex.Code Crim. Proc. Ann. art. 42.12 § 5(b).

**25.** *Id.*

**26.** *Id.*

**27.** *See* Tex.R.App P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that ... the complaint was made to the trial court by a timely request, objection, or motion.").