SCOTT V. STATE



COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-321-CR


MICHAEL B. SCOTT APPELLANT

V.



THE STATE OF TEXAS STATE


------------


FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY


------------

OPINION

------------


 On November 15, 2000, appellant Michael B. Scott pled guilty pursuant to a plea bargain to sexual assault of a child. The trial
court placed appellant on deferred adjudication community supervision for ten years in accordance with the plea bargain. On July
25, 2002, the trial court adjudicated appellant guilty and sentenced him to fifteen years' confinement. Appellant filed a timely
general notice of appeal. We dismiss for want of jurisdiction. 

 Because appellant's notice of appeal did not appear to invoke our jurisdiction under rule 25.2(b)(3), we sent appellant's counsel a
letter directing him to submit a letter brief identifying the issues or points to be raised on appeal and explaining why those issues or
points warrant continuation of the appeal, notwithstanding the jurisdictional limitations of rule 25.2(b)(3). Tex. R. App. P.
25.2(b)(3) (providing that in an appeal from a negotiated plea, the notice of appeal must specify that the appeal is for a jurisdictional
defect, that the substance of the appeal was raised by written motion and ruled on before trial, or that the trial court granted
permission to appeal). Appellant's counsel filed a response acknowledging that the notice did not invoke our jurisdiction and stating
that there are no viable points that can be raised on appeal.

 The right to appeal from a negotiated plea is limited by the rules of appellate procedure. See Vidaurri v. State, 49 S.W.3d 880,
883 (Tex. Crim. App. 2001); Ex parte Howard, 685 S.W.2d 672, 673 (Tex. Crim. App. 1985). To invoke this court's
jurisdiction over an appeal from a negotiated guilty plea, a notice of appeal must conform to the mandatory notice requirements of
rule 25.2(b)(3). Tex. R. App. P. 25.2(b)(3); White v. State, 61 S.W.3d 424, 429 (Tex. Crim. App. 2001). These requirements
apply equally to appeals from a judgment adjudicating guilt when the parties agreed to deferred adjudication community supervision
pursuant to a plea bargain agreement at the original plea proceeding and the appellant is later adjudicated guilty and sentenced
within the punishment range for the offense, unless the appellant raises an issue or issues unrelated to the conviction. Woods v.
State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002); Vidaurri, 49 S.W.3d at 884-85. 

 Here, appellant's notice does not specify that the appeal is for a jurisdictional defect, that it concerns a ruling on a pretrial motion,
or that appellant received the trial court's permission to appeal. See Tex. R. App. P. 25.2(b)(3). In addition, the response to our
jurisdictional letter indicates that there is no basis to appeal matters unrelated to the conviction. Thus, we lack jurisdiction over the
appeal. See Vidaurri, 49 S.W.3d at 884; Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). 

 We dismiss the appeal for want of jurisdiction.



 TERRIE LIVINGSTON

 JUSTICE



PANEL D: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.



 DAUPHINOT, J. filed a dissenting opinion.



 PUBLISH

[DELIVERED DECEMBER 23, 2002]








COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH


NO. 2-02-321-CR


MICHAEL B. SCOTT APPELLANT

V.


THE STATE OF TEXAS STATE



------------




FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY




------------




DISSENTING OPINION




------------


 For the reasons outlined in my dissenting opinion in Allen v. State, (1) I respectfully dissent.





 LEE ANN DAUPHINOT

 JUSTICE



 PUBLISH

[DELIVERED DECEMBER 23, 2002]



1. Allen v. State, 84 S.W.3d 413, 415-18 (Tex. App.--Fort Worth 2002, no pet.) (Dauphinot, J., dissenting).