In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-332 CR


____________________



JEREMIE DESHAUN BARABIN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Court No. 85124






MEMORANDUM OPINION


 Pursuant to a plea bargain, Jeremie Deshaun Barabin pleaded no contest to the state
jail felony offense of evading arrest and was given deferred adjudication and four years
community supervision. See Tex. Pen. Code Ann. 38.04 (a),(b)(1) (Vernon 2003). The
State filed a motion to revoke the unadjudicated probation. Barabin pleaded true to two
of the violations. The trial judge revoked the probation, adjudicated Barabin's guilt, and 
sentenced him to one year in the state jail division of the Texas Department of Criminal
Justice. 

 To invoke our jurisdiction over an appeal (1) from a negotiated plea of no contest,
Barabin's notice of appeal must conform to the mandatory notice requirements of former 
Tex. R. App. P. 25.2(b)(3). See White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App.
2001). His general notice of appeal is not in compliance. The Rule 25.2(b)(3)
requirements apply to an appeal from a judgment adjudicating guilt where, pursuant to a
plea bargain, the parties at the original plea proceeding agreed to deferred adjudication
community supervision. The requirements do not apply if appellant raises an issue
unrelated to his conviction. See Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App.
2002); Vidaurri v. State, 49 S.W.3d 880, 884-85 (Tex. Crim. App. 2001); Allen v. State,
84 S.W.3d 413, 414 (Tex. App.--Fort Worth 2002, no pet.); former Tex. R. App. P.
25.2(b)(3). To the extent that Barabin raises such an issue, we have jurisdiction to
consider his appeal; otherwise we do not. 

 Barabin argues the trial court abused its discretion in revoking his probation. 
Though he pleaded true at the revocation hearing to two violations of his community
supervision order, Barabin indicates on appeal he did not violate the order or, if he did,
it was not his fault. He attributes his situation to a "problem" between himself and his
probation officer. His argument relates to the trial court's decision to adjudicate guilt --
an issue over which we have no jurisdiction. See Kirtley v. State, 56 S.W.3d 48, 51 (Tex.
Crim. App. 2001); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2003).

 We have jurisdiction to consider Barabin's punishment-related issue -- he argues the
trial court should have sentenced him under Tex. Pen. Code Ann. 12.44 (Vernon 2003). 
That section allows the trial judge to "punish a defendant who is convicted of a state jail
felony by imposing the confinement permissible as punishment for a Class A misdemeanor
if, after considering the gravity and circumstances of the felony committed and the history,
character, and rehabilitative needs of the defendant, the court finds that such punishment
would best serve the ends of justice." Id. The statute is a permissive sentencing
provision. Fite v. State, 60 S.W.3d 314, 319 (Tex. App.--Houston [14th Dist.] 2001, pet.
ref'd). The trial court heard appellant's testimony and the arguments of the State and
defense counsel. There was no abuse of discretion in sentencing Barabin to one year for
a state jail felony punishable by a term of not more than two years or less than 180 days;
the sentence was within the range allowable by law. See Tex. Pen. Code Ann. §§
12.35(a), 38.04(a),(b)(1) (Vernon 2003). Barabin's punishment-related issue is overruled. 

 We dismiss that part of the appeal relating to violations of the community
supervision order, because we have no jurisdiction over it. We overrule Barabin's
punishment-related issue and affirm the judgment of the trial court.

 APPEAL DISMISSED IN PART, AFFIRMED IN PART.

 ________________________________

 DAVID B. GAULTNEY 

 Justice


Submitted on June 10, 2003

Opinion Delivered June 25, 2003

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. Since the notice of appeal was filed in 2002, the former rules of appellate
procedure apply. The current rules became effective January 1, 2003.