COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NOS. 2-02-117-CR
      
           
           
           
           
   2-02-118-CR
 
GREGORY LYNN WILLIS                                                            APPELLANT
V.
THE STATE OF TEXAS                                                              
    
STATE
 
------------
FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT
COUNTY
------------
OPINION
------------
Appellant was given deferred adjudication
pursuant to pleas of nolo contendere to two felony charges. He appeals from
judgments adjudicating his guilt and sentencing him to two and five years'
confinement, respectively. We affirm the trial court's judgments.
BACKGROUND FACTS
In 1997, Appellant was charged in two
indictments with aggravated assault with a deadly weapon and aggravated robbery
with a deadly weapon. Pursuant to a Mental Health and Mental Retardation ("MHMR")
staff psychiatrist's recommendation and on the motion of Appellant's counsel,
the trial court ordered a competency examination. Following his examination by a
court-appointed psychiatrist, a jury found Appellant not competent to stand
trial. The trial court adjudged Appellant incompetent and ordered that he be
sent to Vernon State Hospital. After a ninety-day commitment period, and based
upon the opinion of the hospital psychiatrist, the trial court rendered a
judgment, without objection by Appellant or his counsel, that he was competent
to stand trial.
Pursuant to a plea bargain and stipulation
of evidence, Appellant then pleaded nolo contendere to both charges and was
placed on deferred adjudication community supervision for eight years, upon the
condition that he be placed on the MHMR caseload for counseling. In 1998, the
conditions were modified to include electronic monitoring. In 1999, the
conditions were modified again to require Appellant to submit to psychiatric
treatment.
The State subsequently filed a petition to
revoke community supervision and proceed to adjudication, based on Appellant's
failure to conform to the required conditions. Appellant pleaded true to the
alleged violations in the petition to adjudicate by open plea to the trial
court. On April 2, 2002, the trial court signed judgments revoking Appellant's
community supervision, adjudicating Appellant's guilt, and sentencing him to two
years' confinement for the aggravated assault and five years' confinement for
the aggravated robbery, both sentences to run concurrently, with admission to
the MHMR treatment program. Following adjudication and sentence, the trial court
also signed judgments nunc pro tunc to reflect that Appellant had
initially been placed on deferred adjudication community supervision, rather
than regular community supervision as shown by the judgment forms initially
used.
Following his adjudication and sentencing,
Appellant timely filed a motion for new trial, which was denied without a
hearing, complaining of ineffective assistance of counsel when he entered his
original pleas, involuntariness of his pleas, and factual insufficiency of
evidence to support the judgments; that the judgments were contrary to the law
and evidence and that he could not conform to the conditions of his community
supervision because of mental disease or defect and diminished mental capacity.
Appellant timely filed a notice of appeal after adjudication and sentencing,
stating that he was appealing the voluntariness of his original plea.
In his point on appeal, Appellant
complains that the trial court abused its discretion in failing to grant a
hearing on his motion for new trial. He also complains of the: (1)
involuntariness of his original plea; (2) ineffectiveness of counsel at the
original proceeding; and (3) the fact that the original judgments were void,
thus the trial court had no jurisdiction to adjudicate him, revoke his community
supervision, or sentence him to confinement.
PROCEDURAL LIMITATIONS ON
APPEAL
Former rule of appellate procedure
25.2(b)(3) was in effect when Appellant filed his notice of appeal. See
Tex. R. App. P. 25.2(b)(3), 948-49 S.W.2d (Tex. Cases) XCVI (1997, amended
2003). The provisions of that former rule provide the procedure to be followed
in order to complain on appeal of matters related to deferred adjudication as
well as subsequent adjudication and sentencing. See Bayless v. State, 91
S.W.3d 801, 806 (Tex. Crim. App. 2002) (clarifying that former rule 25.2(b)(3)
provided procedure to be followed for appeal from plea-bargained conviction);
Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002) (holding that
provisions of former rule 25.2(b)(3) control an appeal, whether made before or
after an adjudication of guilt, by a defendant placed on deferred adjudication
who challenges an issue related to his conviction).
Appellant's notice of appeal specified
only that he was appealing the involuntariness of his pleas. Under former rule
25.2(b)(3), where the appeal is from a judgment rendered on a plea of guilty or
nolo contendere and the punishment assessed does not exceed the punishment
recommended by the prosecutor and agreed to by the defendant, the notice must
(1) specify that the appeal is for a jurisdictional defect; (2) specify that the
substance of the appeal was raised by written motion and ruled on before trial;
or (3) state that the trial court granted permission to appeal. See
Tex. R. App. P. 25.2(b)(3), 948-49 S.W.2d (Tex. Cases) XCVI (1997, amended
2003); Bayless, 91 S.W.3d at 806; Woods, 68 S.W.3d at 669.
Rule 25.2(b)(3) precludes a complaint of
involuntariness of a plea-bargained conviction on appeal absent permission of
the trial court. Cooper v. State, 45 S.W.3d 77, 83 (Tex. Crim. App.
2001). Likewise, in an appeal from a plea-bargained conviction, ineffectiveness
of counsel can only be raised with permission of the trial court, which
permission must be specified in the notice of appeal. Woods v. State,108
S.W.3d 314, 316 (Tex. Crim. App. 2003); see also Allen v. State, 84
S.W.3d 413, 415 (Tex. App.--Fort Worth 2002, no pet.). Further, in White v.
State, the court of criminal appeals held that in order to appeal a
jurisdictional issue, a notice of appeal must specify that the appeal is for a
jurisdictional defect, in compliance with rule 25.2(b)(3)(A). 61 S.W.3d 424, 428
(Tex. Crim. App. 2001).
In his notice of appeal, Appellant failed
to specify that he was appealing lack of jurisdiction or ineffectiveness of
counsel, nor did he state that he had obtained permission of the trial court to
appeal the voluntariness of his pleas. Therefore, Appellant is precluded from
raising those issues in this appeal. Woods, 68 S.W.3d at 669; White,
61 S.W.3d at 428; Cooper, 45 S.W.3d at 83.
Additionally, a defendant is precluded
from later claiming error in the original plea proceedings by an appeal after
revocation of community supervision; he must complain of any such error by
appeal after the conditions are first imposed. Tex. R. App. P. 26.2; Manuel
v. State, 994 S.W.2d 658, 662 (Tex. Crim. App. 1999) (holding defendant
given deferred adjudication community supervision, like a defendant placed in
regular community supervision, may appeal issues related to the original
proceeding only when deferred adjudication is first imposed).
Because Appellant's notice of appeal does
not satisfy rule 25.2(b)(3) with respect to the errors claimed to have occurred
in his original plea proceeding, his notice is insufficient to allow this court
to consider his claimed errors of involuntariness or ineffectiveness of counsel
unless the original judgments were void as discussed below. Further, and also
subject to the voidness argument, to the extent that his complaints relate to
the proceedings at the time his conditions were first imposed, Appellant raised
his complaints regarding the proceedings involving his nolo contendere pleas too
late to invoke this court's jurisdiction.
VOIDNESS COMPLAINT
Appellant first contends that this case is
not governed by rule 25.2(b)(3) because the plea bargain in 1997 called for
deferred adjudication, but the court signed wrong judgments finding him guilty
and assessing punishment, thus placing him on "regular" or straight
probation, rather than deferring adjudication. Therefore, Appellant argues, the
trial court actually rejected the plea bargain, and he should thus be entitled
to raise the errors complained of in this appeal without the extra-notice
requirements imposed by the former rule. Appellant also contends that, because
the trial court signed the original judgments contrary to the plea bargain, the
original judgments are void. Additionally, he contends that the judgments in the
adjudication proceeding are void because the trial court's authority to order
community supervision for the two charged felony offenses involving use of a
deadly weapon was statutorily limited to deferred adjudication. See Tex.
Code Crim. Proc. Ann. art. 42.12, §§ 3g(a)(1)(F) & 3g(a)(2) (Vernon Supp.
2003). He reasons that, because the original judgments are void, the trial court
had no authority to proceed to revoke the community supervision, to purport to
accept his pleas, and to proceed to adjudication and sentencing. He therefore
concludes that the subsequent judgments are likewise void and could not be cured
by the later nunc pro tunc judgments.
If Appellant's argument is
correct, his complaint of voidness negates the applicability of former rule
25.2(b)(3). The State concedes that, unless errors in the original judgments
were cured by the nunc pro tunc judgments, the entire proceedings from
the time Appellant was originally placed on community supervision are void.
Additionally, we note that, in Nix v. State, 65 S.W.3d 664, 667-68
(Tex. Crim. App. 2001), the court of criminal appeals held that a defendant
appealing from revocation of deferred adjudication may attack an underlying void
judgment as a rare "exception" to the rule that issues relating to the
original plea cannot be attacked in appeals after revocation of deferred
adjudication or probation.(1) Therefore, we
consider Appellant's voidness complaint.
Other than the bare assertion that the nunc
pro tunc judgments changed only the nomenclature of the prior judgments
without changing the terms, Appellant has not briefed his voidness complaint and
cites no authority for the proposition that the judgments nunc pro tunc
could not have cured the error in the original judgments. Moreover, as pointed
out by the State, the certificate of proceedings completed by the clerk of the
court on the date of the original judgments specifies that sentence was
"deferred" for eight years.
The judgment forms signed by the judge
show a finding on the use of a deadly weapon in both cases as
"deferred," and the space for entering the punishment was left blank.
There is no reporter's record for the plea proceedings. Appellant did not appeal
from the judgments. When the State sought to terminate the community
supervision, it filed a "petition to adjudicate." The judgments signed
upon revoking the community supervision and accepting Appellant's pleas are
entitled "Judgment Adjudicating Guilt." It appears that the trial
court entered the judgment nunc pro tunc within twenty-four hours of
adjudicating Appellant guilty, apparently noticing the error in the previous
judgments and thereby correcting the previous error by substituting the correct
form with a paragraph reflecting that punishment was deferred. Appellant did not
complain in his motion for new trial or notice of appeal about the previous
erroneous judgments.
It appears from the record that the trial
court merely used the wrong forms, signing judgments for regular community
supervision instead of "deferred" adjudication. The record contains
evidence that the State and Appellant agreed on eight years' deferred
adjudication with community supervision, and there is no evidence that the trial
court judicially determined to enter a judgment for regular community
supervision, rather than deferred adjudication as agreed. It appears that all
parties believed that Appellant was originally given deferred adjudication and
that the error in using the wrong forms was clerical.
A clerical error does not render a
judgment void. See Ex parte Wingfield, 152 Tex. Crim. 112, 282 S.W.2d
219, 220 (1955). A clerical error may be corrected at any time by a judgment nunc
pro tunc. Wilson v. State, 677 S.W.2d 518, 521 (Tex. Crim. App.
1984); see also Ex parte Hannen, 155 Tex. Crim. 10, 228 S.W.2d 864,
866-67 (1950) (holding that judgment could be corrected "to make the record
speak the truth" where specific punishment assessed but judgment entered
showed otherwise due to clerical error). A clerical error is one that does not
result from judicial reasoning or determination. State v. Bates, 889
S.W.2d 306, 309 (Tex. Crim. App. 1994); see also Jones v. State, 795
S.W.2d 199, 200 n.1 (Tex. Crim. App. 1990) (noting purpose of judgment nunc
pro tunc is to correctly reflect from the records of the court a judgment
actually made but which, for some reason, was not entered of record at the
proper time). A judicial error occurs when the record "is devoid of any
indication that this order was mistakenly or inadvertently signed by the trial
court." Smith v. State, 15 S.W.3d 294, 300 (Tex. App.--Dallas
2000, no pet.).
We hold that the error in the earlier
judgments was clerical and that the judgments nunc pro tunc validly
corrected and related back to the original judgments. Jones, 795 S.W.2d
at 200 n.1 (noting that legal term "nunc pro tunc" is usually
defined as "'Lat. Now for then. A phrase applied to acts allowed to be done
after the time when they should be done, with a retroactive effect, i.e.,
with the same effect as if regularly done. [citations omitted]' Black's law
Dictionary 1218 (Rev. 4th ed. 1968)"). Therefore, the subsequent
revocations, adjudications, and sentences were not void.
MOTION FOR NEW TRIAL
Finally, because Appellant has raised the
issue of the denial of a hearing on the motion for new trial after his
adjudication and sentence, we will consider that issue to the extent that the
issues in the motion for new trial are unrelated to his conviction. See
Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001) (holding that
rule 25.2(b)(3) did not apply to complaint that appellant was deprived of
punishment hearing following revocation of community supervision and
adjudication of guilt because that issue was unrelated to conviction); see
also Feagin v. State, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998) (holding
that appellant could attack propriety of revocation of regular community
supervision by issue unrelated to conviction).
We are cognizant of the recent decision of
the court of criminal appeals in Donovan v. State, 68 S.W.3d 633,
635-36 (Tex. Crim. App. 2002), holding that a motion for new trial is not
available when deferred adjudication and community supervision are first imposed
because there is not yet a finding or verdict of guilt as required by rule 21.1
of the rules of appellate procedure. Tex. R. App. P. 21.1 (defining "new
trial" as "rehearing of a criminal action after a trial court has, on
the defendant's motion, set aside a finding or verdict of guilt"). The
court further held that a motion for new trial complaining of the original plea
proceedings is only available after adjudication upon written motion by the
defendant within thirty days after his plea and deferment of adjudication. Donovan,
68 S.W.3d at 637-38 (citing Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a)
(Vernon Supp. 2003)).
Without mentioning Donovan,
Appellant argues that the motion for new trial filed after acceptance of his
plea and his adjudication of guilt following revocation for violation of a
condition of his community supervision constituted the first opportunity for him
to develop evidence outside the record concerning involuntariness of his
original pleas and ineffectiveness of counsel at that time, as set forth in his
motion for new trial. Based on Donovan, we are constrained to disagree
that this avenue of relief was open to Appellant.
In his brief, Appellant intimates that his
motion for new trial also encompassed a claim that counsel was ineffective at
"any later stages of the proceedings." He additionally claimed in his
motion for new trial that he was unable to conform to the conditions of his
community supervision because of mental disease or diminished mental capacity.
Appellant relies upon Barnett v. State, 76 S.W.3d 739 (Tex. App.--Waco
2002, pet. ref'd), which held that a trial court abused its discretion in
failing to hear a motion for new trial filed after revocation of community
supervision. Id. at 742. In that case, however, the revocation was of
regular community supervision with a suspended sentence, not deferred
adjudication. Id. Additionally, the motion for new trial complained
specifically of ineffectiveness of counsel at the post-revocation proceedings.
We find no mention in Appellant's motion for new trial or in his affidavit of
ineffectiveness of counsel at any time other than in his original plea
proceedings. In any event, we conclude that the trial court did not abuse its
discretion in denying the motion for new trial without a hearing.
We first address "whether, on this
record, the trial court could have reasonably denied [A]ppellant a hearing on
his motion for new trial." Wallace v. State, 106 S.W.3d 103, 108
(Tex. Crim. App. 2003). The purpose of the hearing is to allow a defendant an
opportunity to develop the matters raised in his or her motion. Id.; Martinez
v. State, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002). We review the trial
court's denial of Appellant's request for a hearing on his motion for new trial
under an abuse of discretion standard. Wallace, 106 S.W.3d at 108; Martinez,
74 S.W.3d at 22.
An evidentiary hearing on a defendant's
motion for new trial is necessary only if the motion and accompanying
affidavit(s) "rais[e] matters not determinable from the record, upon which
the accused could be entitled to relief." Wallace, 106 S.W.3d at
108 (citing Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App.
1993)); see Barnett, 76 S.W.3d at 740; Mallet v. State, 9
S.W.3d 856, 868 (Tex. App.--Fort Worth 2000, no pet.). However, "[t]o be
sufficient to entitle the defendant to a hearing, the motion for new trial and
accompanying affidavit(s) 'need not establish a prima facie case' for a new
trial." Wallace, 106 S.W.3d at 108 (citing Jordan v. State,
883 S.W.2d 664, 665 (Tex. Crim. App. 1994)). Instead, they "must merely
reflect that reasonable grounds exist for holding that such relief could be
granted." Id. (citing Martinez, 74 S.W.3d at 22).
"Affidavits which are conclusory in nature and unsupported by facts are not
sufficient to put the trial court on notice that reasonable grounds for relief
exist." Daniels v. State, 63 S.W.3d 67, 70 (Tex. App.--Houston [14th
Dist.] 2001, pet. ref'd) (citing Jordan, 883 S.W.2d at 665).
Whether Appellant was denied effective
assistance of counsel in advising him of an insanity defense or investigating
his diminished mental capacity and whether he was capable of conforming his
conduct to the conditions imposed by community supervision are matters not
determinable from the record. See Wallace, 106 S.W.3d at 108; Mallet,
9 S.W.3d at 868. Nevertheless, we conclude that Appellant's affidavit is too
conclusory to require a hearing.(2) See King
v. State, 29 S.W.3d 556, 568-69 (Tex. Crim. App. 2000) (holding that bare
assertions in verified motion for new trial failed to establish facts entitling
appellant to a new trial; thus, the trial court did not err in refusing to hold
a hearing); Buerger v. State, 60 S.W.3d 358, 362-63 (Tex. App.--Houston
[14th Dist.] 2001, pet. ref'd) (holding affidavit was too conclusory,
in part, because despite appellant's mental incompetence claim, he "did not
allege what medication he needed; why it was needed or how its absence affected
his competency during the hearing; what aspect of the hearing he failed to
appreciate . . . ; or what he would have changed if he had been alert and
oriented"); Watson v. State, 37 S.W.3d 559, 561 (Tex.
App.--Beaumont 2001, no pet.) (holding that defendant's affidavit stating,
"I wish to state that I did not intelligently, knowingly or voluntarily
enter my plea. I did not understand the plea agreement fully, and I did not
understand the consequences of my plea," was too conclusory).
Thus, we hold that Appellant did not meet
his burden of showing that reasonable grounds existed for holding that relief
could be granted on his motion. See Wallace, 106 S.W.3d at 108.
Accordingly, we cannot say that the trial court abused its discretion in
refusing to conduct a hearing on Appellant's motion for new trial, and we
therefore overrule his point.
Conclusion
Having overruled Appellant's point, we
affirm the trial court's judgments.
 
                                                                      
ANNE GARDNER
                                                             
         JUSTICE
 
PANEL F: DAUPHINOT, HOLMAN, and GARDNER,
JJ.
DAUPHINOT, J., files concurring opinion.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 29, 2003

COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NOS. 2-02-117-CR
                                                         
2-02-118-CR
 
GREGORY LYNN WILLIS                                                              
     APPELLANT
V.
THE STATE OF TEXAS                                                              
         STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 1
OF TARRANT COUNTY
------------
CONCURRING
OPINION
------------
For the reasons previously stated in my
dissent from Allen v. State,(3) and
because the sentence after revocation and adjudication was not plea-bargained,(4)
I would hold that former rule of appellate procedure 25.2(b)(3) does not apply.
Additionally, if 25.2(b)(3) did apply, then we would have to hold that
jurisdiction attached by waiver, a legal impossibility.(5)
I therefore concur with the outcome reached by the majority.
 
                                                             
        
LEE ANN DAUPHINOT
                                                             
         JUSTICE
 
DELIVERED: August 29, 2003

Majority Opinion Foot Notes:
1. Arguably, Nix does not aid Appellant. First,
Nix involved a plea of guilty to a misdemeanor, to which rule 25.2(b)(3)
does not apply. However, in Jordan v. State, involving felony
convictions and decided on the same date as Nix, the court of criminal
appeals expressly referenced its reaffirmation of the "void judgment"
exception in Nix. 54 S.W.3d 783, 785 (Tex. Crim. App. 2001).
Nevertheless, Nix was decided before White, in which the court
of criminal appeals held that compliance with rule 25.2(b)(3) was a prerequisite
for invoking a court of appeals's jurisdiction over a jurisdictional defect. 61
S.W.3d at 428.
2. In pertinent part, Appellant stated in his affidavit,

 I was denied the effective assistance of
 counsel at my trial in that:
 
 Counsel failed to adequately conduct
 an independent investigation;
   
 Counsel failed to communicate in a
 meaningful manner with the Defendant so as to insure that the Defendant
 could make informed choices in the defense of his case;
 
 Counsel failed to investigate,
 prepare, file, or present an insanity defense despite the extensive mental
 health history demonstrating the defendant's diminished mental capacity
 and mental disease or defect that prevented him from knowing right from
 wrong at the time of the offense; and
 
 Counsel failed to insure that the
 defendant's plea of guilty was knowing and voluntary.
 
 Counsel's failures cited above created
 sufficient "cause" and coupled with the sentence imposed demonstrate
 sufficient "prejudice" so as to meet both prongs of the Strickland
 test for showing a reasonable probability that the Defendant received
 ineffective assistance of counsel. . . . Counsel's performance fell well below
 the professional standards of competent counsel. . . . The failings of counsel
 were neither proper strategic or tactical choices that should be condoned by
 this Court. But for counsel's conduct a different result would have occurred
 herein.
 The Defendant's plea of guilty is
 involuntary in that . . . counsel never prepared for, investigated or advised
 the defendant of the defense of insanity or took steps to present the same
 prior to the entry of the original plea of guilty herein. . . . The Defendant
 was denied the effective assistance of counsel in that his counsel
 affirmatively mislead him as to material facts and the applicable law so as to
 get him to enter a plea of Guilty which he would not have otherwise entered.
 The Defendant requests that the Court
 set-aside and withdraw its judgment and grant a new trial because of the
 inability of the defendant to conform his conduct to the terms and conditions
 of his community supervision because of mental disease or defect and his
 diminished mental capacity.


Concurring Opinion Foot Notes:

3. 84 S.W.3d 413, 418 (Tex. App.--Fort Worth 2002, no
pet.) (Dauphinot, J., dissenting).
4. See Edwards v. State, 106 S.W.3d 377, 379
(Tex. App.--Fort Worth 2003, no pet.).
5. Ex parte Smith, 650 S.W.2d 68, 69 (Tex. Crim.
App. 1981); see Ex parte McCain, 67 S.W.3d 204, 215 n.6 (Tex.
Crim. App. 2002); Garcia v. Dial, 596 S.W.2d 524, 527 (Tex. Crim. App.
1980).