

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00592-CR

JASON ZENO                                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                              STATE

----------

### FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On October 15, 2013, the trial court sentenced appellant Jason Zeno to five years' confinement for two counts of sexual assault and signed a judgment reflecting the conviction and sentence.[2]  The same day, appellant signed a

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 22.011(a)(2)(A), (C) (West 2011).  In 2003, the trial court deferred its adjudication of appellant's guilt and placed him on community supervision.  In 2013, the trial court found that appellant had violated conditions of the community supervision, revoked it, and convicted appellant.

document in which he expressed that he had been informed of rights concerning an appeal of his convictions. On November 25, 2013, the trial court clerk received a pro se letter from appellant in which he stated that he had contacted a lawyer several times in an attempt to appeal and asked the clerk to inform him about the status of an appeal. On December 12, 2013, appellant, now represented by appointed appellate counsel, filed a notice of appeal. He also filed a motion for new trial on the same date.

On January 24, 2014, we sent a letter to appellant, informing him of our concern that we do not have jurisdiction over this appeal because his notice of appeal was not timely filed. We notified appellant that unless he filed a response by February 3, 2014 to establish that his appeal was timely perfected, we would dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 44.3. Appellant has not responded to our letter.

Because the trial court sentenced appellant on October 15, 2013 and because he did not timely file a motion for new trial, his notice of appeal was due by November 14, 2013. *See* Tex. R. App. P. 21.4(a), 26.2(a). Thus, even if we construe appellant's November 25, 2013 letter as his notice of appeal, the notice of appeal was not timely.

To perfect an appeal and give this court jurisdiction, an appellant must timely file a notice of appeal. *See* Tex. R. App. P. 25.2(b); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Allen v. State*, 84 S.W.3d 413, 415 (Tex. App.—Fort Worth 2002, no pet.). When an appeal has not been properly

2

perfected, we can take no action other than to dismiss it. *Slaton*, 981 S.W.2d at 210; *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). Therefore, we dismiss appellant's appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 10, 2014