IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-1113-04





JEFFERY (1) LEN JACKSON, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TWELFTH COURT OF APPEALS


SHELBY COUNTY





 Johnson, J., delivered the opinion of a unanimous Court.


O P I N I O N



 Appellant plead guilty to aggravated sexual assault and was placed on deferred adjudication
community supervision. The trial court later revoked his community supervision, adjudicated him
guilty, and sentenced him to confinement for life in the institutional division of the Texas
Department of Criminal Justice. Appellant filed a timely notice of appeal. The court of appeals, after
notifying appellant of a defect in his notice of appeal, dismissed the appeal for want of jurisdiction. 
Jackson v. State, No. 12-04-00077-CR (Tex. App. - Tyler, delivered May 19, 2004)(not designated
for publication). Appellant petitioned this court for discretionary review. We granted appellant's
sole ground for review, which asserts that the court of appeals erred when it determined that it lacked
jurisdiction to review this matter and summarily dismissed the appeal. (2)

 Appellant's notice of appeal asserted that he was "appealing issues relating to the
adjudication and sentencing proceedings" and requesting that the court of appeals "entertain his
claim of ineffective assistance of counsel, and any further issues to which the [court of appeals] has
jurisdiction to hear." In a memorandum opinion, the court of appeals found that appellant's notice
of appeal was defective because it failed to contain the trial court's certification, as required by Tex.
R. App. P. 25.2(c)(3)(B). Id. The opinion of the court of appeals also noted that, in response to its
notification of the defect, appellant amended his notice of appeal to include copies of an Application
for Permission to Appeal and an order denying that application. Id. The court of appeals accordingly
dismissed the appeal for want of jurisdiction. Id. The docketing system of the court of appeals
indicates that the court of appeals received an Anders brief two days after it issued its memorandum
opinion dismissing the appeal. Appellant attaches that Anders brief to his petition for discretionary
review.

 Appellant's sole ground for review in this Court specifically asks whether the court of
appeals erred "when it determined that it did not have jurisdiction to review [appellant]'s conviction
and sentencing in this case and when it summarily dismissed the appeal without performing an
Anders review." Appellant's attorney asserts that he submitted a motion to withdraw and the Anders
brief "because, after a careful review of the record herein, the applicable case law, and [appellant]'s
plea agreement, nothing was found in the record which would support a direct appeal, including
issues related to [appellant]'s sentencing." Appellant's Petition for Discretionary Review, p. 4, n.6. 
In other words, "[a]fter a review of the applicable law, the record, and [appellant]'s plea bargain
papers, [appellant's attorney] filed an Anders [b]rief and [m]otion to [w]ithdraw as counsel because
there was no issue reachable via direct appeal that would support reversal of the trial court's
determination in this matter." Appellant's Brief, p. 1-2. Appellant insists that the court of appeals
was required to perform an independent review of the record to determine any grounds for appeal
pursuant to Anders v. California, 386 U.S. 738 (1976) and Penson v. Ohio, 488 U.S. 75 (1988).

 The state argues that, pursuant to the Rules of Appellate Procedure, the court of appeals
correctly dismissed the appeal for want of jurisdiction. It points out that appellant plead guilty to 
aggravated sexual assault pursuant to a plea bargain for deferred adjudication, and the trial court
accepted the bargain. It also asserts, that although the trial court later sentenced appellant to life
imprisonment after adjudicating him guilty, the sentence "does not evince an instance of punishment
exceeding the recommendation since the term of imprisonment fell within the range allowed by
law." The state concludes that because "by statute, [a]ppellant had to obtain the trial court's
permission to appeal" and the trial court certified that appellant had no right to appeal, the court of
appeals properly dismissed the appeal pursuant to Tex. R. App. P. 25.2(d). The state adds that it
would be a waste of judicial resources to address appellant's Anders brief where all issues presented
are clearly not appealable. It also suggests that, had appellant simply filed a brief alleging those
issues without the benefit of Anders, the court of appeals would have dismissed the case for want
of jurisdiction. It argues that the trial court "did not grant permission to appeal[,] and all the issues
were not cognizable on appeal from an adjudication of guilt."

 We note that the clerk's record contains the initial notice of appeal, but does not contain the
amended notice of appeal to which the opinion of the court of appeals refers. We also note that the
appellate record does not contain a supplemental clerk's record containing that amended notice. 
However, the appellate record does contain appellant's motion for reconsideration and reinstatement
of appeal and that motion includes the first amended notice of appeal as an exhibit. That amended
notice attaches, as an exhibit, appellant's application for permission to appeal and the trial court's
order denying the application.

 Tex. R. App. P. 25.2(d), as amended effective January 1, 2003, requires an appealing
defendant to include in the appellate record, either initially or by timely amendment or
supplementation, the trial court's certification of the defendant's right of appeal. Tex. R. App. P.
25.2(f) provides for the filing of an amended notice of appeal or trial court's certification of the
defendant's right to appeal in correcting a defect or omission in an earlier filed notice or certification. 
The instant offense was alleged to have occurred on or about April 19, 2003, and appellant's plea,
deferral of adjudication, adjudication, and sentencing all occurred in 2003. The amended Rule 25.2
therefore applies to appellant.

 In Dears v. State, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005), we recently concluded that
"defective certification" includes a certification which is correct in form but which, when compared
with the record before the court, proves to be inaccurate. We also concluded that an appellate court
has the ability to examine a certification for defects and, pursuant to Rule 25.2 to use Tex. R. App.
P. 34.5 and 37.1, to obtain another certification from the trial court. Id. We held that, while neither
of those rules provide any time limitation to their use, "[i]f the court chooses to examine a
certification after the record is filed, it then has the ability to compare the certification to the record 
and, in that instance, a duty to do so." Id. at 614-15.

 In the instant case, both the clerk's record and the reporter's record were filed several weeks
before the court of appeals delivered its opinion. (3) Thus, under Dears, the court of appeals had a duty
to compare the certification with the record to determine whether the certification was defective, i.e.
whether, when compared with the record before the court, the certification is inaccurate.

 The opinion of the court of appeals states that, pursuant to Rule 37.1, appellant was notified
that his initial notice of appeal was defective because it failed to comply with Rule 25.2(c)(3)(B) and
that, unless he filed a corrected notice, the appeal would be dismissed. Jackson, supra. The court
of appeals noted that appellant had amended his notice of appeal to include copies of a May 13,
2004, application for permission to appeal and an order signed on the same day denying appellant's
application. Accordingly, the court of appeals dismissed the appeal for want of jurisdiction.

 It appears that the court of appeals did not compare appellant's application to certify
permission to appeal and the trial court's order denying such application with the appellate record
that had been filed, but summarily dismissed the appeal because of the trial court's order denying
appellant's application for permission to appeal. As we have noted, we held in Dears, supra, that,
if the court of appeals is examining a defendant's certification of his right to appeal after the
appellate record has been filed, the court of appeals must compare that certification with the record
to determine whether the certification accurately reflects the proceedings below. Thus the court of
appeals appears to have erred in not making such a comparison to determine the accuracy of the trial
court's order denying appellant's application for permission to appeal.

 The record demonstrates that the trial court placed applicant on deferred adjudication
pursuant to a plea bargain. We have held that, in those circumstances, the plea bargain has been
satisfied. Vidaurri v. State, 49 S.W.3d 880, 882 (Tex. Crim. App. 2001); Ditto v. State, 988 S.W.2d
236, 238-39 (Tex. Crim. App. 1999)("Upon violation of the deferred adjudication probations, the
judges had no further obligation to comply with the plea bargain since the bargains had already been
satisfied by the judges' initial sentencing."). As is true for other forms of community supervision,
upon revocation of deferred adjudication the trial court is not bound in any way by agreements
between the appellant and the state. A sentence that is assessed upon adjudication is not imposed
pursuant to a plea bargain, and appeal from that sentence is not thereby barred, nor is the trial court's
permission to appeal required. Pursuant to Tex. Code Crim. Proc., Art. 42.12, § 5(b), the decision
to adjudicate is not appealable, but events at the punishment hearing, the sentence, and other
procedural issues are. Kirtley v. State, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001); Issa v. State, 826
S.W.2d 159, 161 (Tex. Crim. App. 1992)(appellant cannot appeal trial court's decision to adjudicate
guilt, but can appeal aspects of "second phase to determine punishment"). Faced with an appeal
from an adjudication, the court of appeals cannot properly dismiss for lack of jurisdiction based on
an assertion of a plea bargain, but can dismiss if the complaint urged on appeal is not appealable. 
Appellant stated in both the original and amended notices of appeals that he was appealing
sentencing issues. Such claims are appealable and must be addressed. 

 Accordingly, we reverse the judgment of the court of appeals and remand this cause to that
court for proceedings consistent with this opinion. (4)

 Johnson, J.

En banc

Delivered: June 22, 2005

Do not publish

1. Both the opinion of the court of appeals and the notice of appeal style this case as "Jeffrey Jackson." 
However, appellant, the state, the trial court's judgment and docket sheet, and the information and waiver of
indictment style this case "Jeffery Len Jackson." We will use the style reflected in the trial court's judgment.
2. We note that appellant has also submitted a pro se petition for discretionary review and brief in support of
his petition. It is well settled that there is no right to hybrid representation in Texas. Ex parte Taylor, 36 S.W.3d
883, 887 (Tex. Crim. App. 2001); Patrick v. State, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995), cert. denied, 517
U.S. 1106 (1996); Rudd v. State, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981). We therefore decline to address
those pro se claims.
3. The record reflects that the reporter's record was filed April 5, 2004, while the clerk's record was filed
April 23, 2004. The court of appeals delivered its memorandum opinion on May 19, 2004.
4. We also point out that when an accused receives deferred adjudication, no sentence is imposed, and the
defendant is not sentenced until guilt is subsequently adjudicated. Taylor v. State, 131 S.W.3d 497, 502 (Tex. Crim.
App. 2004). But we have upheld the principle that when a prosecutor recommends deferred adjudication in
exchange for a guilty or nolo contendere plea, the trial court does not exceed that recommendation when it
subsequently upon adjudication assesses any punishment within the range allowed by law. Woods v. State, 68
S.W.3d 667, 669 (Tex. Crim. App. 2002); Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001).